813 F.2d 1553
 1988 A.M.C. 45, 7 Fed.R.Serv.3d 1176
 Jeffrey Lynn TRENTACOSTA, Plaintiff-Appellant,
v.
FRONTIER PACIFIC AIRCRAFT INDUSTRIES, INC.; Luke Williams;
Lynn Carlson; Norman Lindsey; Castle & Cooke, Inc., dba
Bumble Bee Seafoods; Anthony Sabella; Sea Queen Management
Company, Ltd.; Fishery Development Corporation, Ltd.;
Fleet Management, N.V.; Marine Resources, N.V.; Western
Fishing Corporation; M/V Sea Queen, her engines, boats,
tackle, apparel, furniture, furnishings, equipment and
appurtenances, Defendants-Appellees.
 No. 85-5829.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 8, 1986.
Decided April 8, 1987.
 
 Edward F. Blum, Jr., Anaheim Hills, Cal., Thomas M. Crehan, Torrance, Cal., for plaintiff-appellant.
 Roxanne L. Holmes, San Francisco, Cal., Terry W. Backus, Victoria A. Cloninger, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before ANDERSON, POOLE and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 Appellant Jeffrey Lynn Trentacosta appeals from the district court's dismissal of his claims against all defendants except Aero Dinamico ("Aero"). In his first amended complaint, Trentacosta invoked jurisdiction solely on the basis of a Jones Act claim under 46 U.S.C. Sec. 688. He also alleged federal question jurisdiction under 28 U.S.C. Sec. 1331. Trentacosta did not allege admiralty jurisdiction under 28 U.S.C. Sec. 1333, nor did he state his claim was an admiralty or maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure.[1]
 
 
 2
 The district court, in ruling on a motion to dismiss the complaint for lack of subject matter jurisdiction, determined that Trentacosta had not been an employee of any defendant other than Aero at the time he was injured. Absent any employer/employee relationship between Trentacosta and any defendant except Aero, Trentacosta's Jones Act claim against all defendants except Aero was dismissed. Jurisdiction over the remaining claims was pendent to the Jones Act claim, and when the Jones Act claim was dismissed, the district court dismissed the remaining pendent claims against all defendants except Aero. Trentacosta was left with only his Jones Act and other pendent claims against Aero. In a motion for reconsideration, Trentacosta requested leave to amend his complaint to allege subject matter jurisdiction over the dismissed non-Jones Act claims. The district court denied, without comment, the motion for reconsideration, including Trentacosta's request for leave to amend.
 
 
 3
 The district court entered its order under Fed.R.Civ.P. 54(b) certifying this case for appellate review. We have jurisdiction pursuant to that order and 28 U.S.C. Sec. 1291. We affirm the district court's dismissal of Trentacosta's Jones Act claim against all defendants except Aero. We reverse the district court's denial of Trentacosta's request for leave to amend his complaint to allege subject matter jurisdiction. In the event Trentacosta amends his complaint to set forth subject matter jurisdiction over the dismissed claims (other than the dismissed Jones Act claims), the district court's order dismissing those claims for lack of subject matter jurisdiction shall be set aside.
 
 
 4
 * FACTS
 
 
 5
 Aero entered into a written contract with the tuna fishing vessel M/V Sea Queen to provide a helicopter, pilot, and helicopter mechanic to assist the Sea Queen in locating schools of tuna during a fishing trip. Aero's contract with the Sea Queen contained the following clause:
 
 
 6
 [Sea Queen] shall have no obligation to pay or advance compensation or other sums to [Aero's] employee pilots or mechanics. Compensation of the pilot and mechanic shall be solely the responsibility of [Aero]. In addition, [Aero] warrants that all withholding of taxes, FICA and other such obligations of an employer with respect to its employees required by state, federal or other law will be performed by [Aero]....
 
 
 7
 As part of this contract, Aero agreed to indemnify the Sea Queen against any liability for personal injuries connected in any way with the helicopter, the pilot, or the mechanic, including claims under the Jones Act and claims for unseaworthiness and maintenance and cure.
 
 
 8
 Aero hired Trentacosta to work as a helicopter mechanic. His written employment contract with Aero described him as an independent contractor employed by Aero "as a mechanic aboard the M/V Sea Queen." The term of his employment was for the duration of the fishing trip. He was to be paid by Aero $9.00 per ton of processed fish caught during the trip in excess of the first fifty tons.
 
 
 9
 While at sea aboard the Sea Queen, Trentacosta was injured. He caught his hand in a helicopter engine fan blade while working on the helicopter. He brought suit in the United States district court against the helicopter operator, its owners, and others having a connection with it ("the helicopter defendants"), and against the vessel, its captain and its owners ("the vessel defendants"). Trentacosta's claims against the helicopter and vessel defendants were based on negligence, liability under the Jones Act, unseaworthiness, and maintenance and cure. Trentacosta also alleged claims against the helicopter defendants based on negligence and strict products liability. In his statement of jurisdiction, Trentacosta did not invoke admiralty jurisdiction under 28 U.S.C. Sec. 1333. He used the words "Jones Act and General Maritime Law" in the title of what he designated as his first cause of action, but this was not sufficient to invoke the court's admiralty jurisdiction when he expressly claimed jurisdiction in his complaint exclusively under the Jones Act and 28 U.S.C. Sec. 1331. See Alleman v. Bunge Corp., 756 F.2d 344, 345 (5th Cir.1984).
 
 
 10
 The defendants moved to dismiss Trentacosta's claims for lack of subject matter jurisdiction. They contended he was not a seaman within the meaning of the Jones Act and was not an employee of any defendant.[2] In support of this motion, the defendants submitted copies of Trentacosta's employment contract with Aero and the helicopter contract between Aero and the Sea Queen, and an affidavit stating that Trentacosta was not carried as an employee on records of the vessel defendants.
 
 
 11
 Trentacosta did not file a timely response to the motion to dismiss. When he did respond, he presented no affidavit or other evidentiary matter in opposition to the motion to dismiss but instead argued that the issue of whether he was an employee of the defendants within the meaning of the Jones Act was a factual one for the jury. The district court granted the motion to dismiss as to all defendants and as to all claims, except for Trentacosta's Jones Act and pendent claims against Aero. Trentacosta and Aero filed motions to alter or amend the order, or in the alternative for reconsideration. Both motions were denied.[3]
 
 
 12
 Trentacosta filed a timely notice of appeal from the district court's order dismissing his claims against all defendants except Aero, and from the district court's denial of his motion for reconsideration. On appeal, Trentacosta abandoned his appeal from the order denying his motion for reconsideration, except insofar as that order also denied his request for leave to amend his complaint to allege subject matter jurisdiction over the claims which had been dismissed.
 
 II
 STANDARD OF REVIEW
 
 13
 The district court's determination of subject matter jurisdiction under the Jones Act is a question of law and is reviewed de novo. Rodriguez v. Flota Mercante Grancolombiana, S.A., 703 F.2d 1069, 1071 n. 2 (9th Cir.), cert. denied, 464 U.S. 820, 104 S.Ct. 84, 78 L.Ed.2d 94 (1983). The interpretation of a contract is a mixed question of law and fact subject to de novo review. Hahn v. Oregon Physicians' Service, 786 F.2d 1353, 1355 (9th Cir.1985). Factual findings are reviewed under the clearly erroneous standard. United States v. Lembke Constr. Co., 786 F.2d 1386, 1387-88 (9th Cir.1986). The denial of a motion to amend is reviewed for abuse of discretion. M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1492 (9th Cir.1983).
 
 III
 MOTION TO DISMISS
 A. Dismissal of Jones Act Claims
 
 14
 In its dismissal order the district court stated:
 
 
 15
 The Jones Act allows, in short, "seamen" to recover only from their "employers." Cosmopolitan Shipping v. McAllister, [337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949); Allen v. United States, 338 F.2d 160 (9th Cir.1964) cert. denied, 380 U.S. 961, 85 S.Ct. 1104, 14 L.Ed.2d 182 (1965) ]. To be liable, defendants must be plaintiff's employer(s). Based on the facts of this case, this court finds the requisite employment relationship lacking as to all defendants except Aero Dinamico. Only Aero Dinamico had a contract with plaintiff, hired plaintiff, paid his wages, and could exercise any real control over his actions. While it is true that all of Trentacosta's work took place on board the ship, such work was contractually limited to the helicopter. Indeed, the Helicopter Fish Spotting Agreement specifically stated that the plaintiff was not an employee of the vessel M/V Sea Queen, but rather an independent contractor working for Aero Dinamico. There is simply nothing in the Agreement, in plaintiff's contract with Aero Dinamico, or in plaintiff's actions on board the ship which indicates that any movant but Aero Dinamico was plaintiff's employer.
 
 
 16
 Trentacosta contends the helicopter agreement between Aero and the Sea Queen, and Trentacosta's employment contract with Aero, are "void insofar as they purport to deny Trentacosta his status as an employee and his rights under the Jones Act." He argues the vessel defendants and the helicopter defendants manipulated the two contracts in an attempt to avoid Trentacosta being anyone's employee in order to defeat his rights under the Jones Act. Trentacosta offered no declaration or other evidence to support this contention. He did not present any evidence of the invalidity or illegality of the contracts. The contracts were before the district court at the time it ruled on the defendants' motion to dismiss, and there is nothing on the face of either contract to warrant a finding that either document is void as against public policy.
 
 
 17
 Trentacosta also contends that notwithstanding his failure to file any affidavit or other evidentiary material in opposition to the defendants' motion to dismiss, a genuine issue of material fact was raised by the defendants' motion and his counsel's memorandum.[4]
 
 
 18
 The defendants' motion to dismiss for lack of subject matter jurisdiction was filed as a "speaking motion" because it was accompanied by two contracts and an affidavit. Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), a motion to dismiss for lack of subject matter jurisdiction "may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction" without converting the motion into a motion for summary judgment. Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947); Thornhill Publishing Co. v. General Telephone & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979); Timberlane Lumber Co. v. Bank of America Nat'l Trust and Sav. Ass'n, 549 F.2d 597, 602 (9th Cir.1976) (Timberlane I ); Timberlane Lumber Co. v. Bank of America Nat'l Trust and Sav. Ass'n, 574 F.Supp. 1453, 1461 (N.D.Cal.1983), aff'd, 749 F.2d 1378 (9th Cir.1984), cert. denied, 472 U.S. 1032, 105 S.Ct. 3514, 87 L.Ed.2d 643 (1985) (Timberlane II ); Fed.R.Civ.P. 12(b), (h)(3). However, when "ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983) (citing Thornhill Publishing Co., 594 F.2d at 733-34). Under this standard, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Augustine, 704 F.2d at 1077 (citing Thornhill Publishing Co., 594 F.2d at 733-35).
 
 
 19
 The district court would have had subject matter jurisdiction over Trentacosta's Jones Act claim only if the defendants had been his employers within the meaning of that Act. See Rodriguez v. Flota Mercante Grancolombia-NA, S.A., 703 F.2d 1069, 1072 (9th Cir.1983) (court may dismiss for lack of subject matter jurisdiction if seaman's employer not employer within meaning of Act). Thus, the facts relevant to determining subject matter jurisdiction go directly to the merits of Trentacosta's claim and the district court should have applied summary judgment standards to the motion to dismiss. Because our review is de novo, we can determine if, under summary judgment standards, the court properly dismissed the Jones Act claim.
 
 
 20
 A moving party is entitled to prevail as a matter of law if the nonmoving party fails "to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, --- U.S. ----, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). When a defendant files a motion to dismiss for lack of subject matter jurisdiction on the ground he is not a Jones Act employer, the plaintiff has the burden of proving that the defendant is an employer within the meaning of the statute. Rodriguez, 703 F.2d at 1072. If a defendant files a "speaking motion" to dismiss for lack of subject matter jurisdiction, as appellees did here, the plaintiff "cannot rest on the mere assertion that factual issues can exist." Exchange Nat'l Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir.1976) (cited with approval in Thornhill Publishing Co., 594 F.2d at 733). He must come forward with evidence outside his pleadings to support his jurisdictional allegation. Exchange Nat'l Bank, 544 F.2d at 1131; 5 C. Wright & A. Miller, Federal Practice and Procedure, Sec. 1363, at 653-54 (1969). As stated by Wright & Miller:
 
 
 21
 If [a motion to dismiss for lack of subject matter jurisdiction] simply challenges the sufficiency of the allegations of subject matter jurisdiction, then the pleading's contents are taken as true for purposes of the motion. However, if it challenges the actual existence of subject matter jurisdiction, then the pleading's allegations are merely evidence on the issue. Since the party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction, regardless of the pleading's allegations, the courts have held that the pleader must establish jurisdiction with evidence from other sources, such as affidavits or depositions. The general rule, therefore, is that a pleading's allegations of jurisdiction are taken as true unless denied or controverted by the movant. Thus, if the movant fails to contradict the pleader's allegation of subject matter jurisdiction in his motion to dismiss [for lack of subject matter jurisdiction], then he is presumed to be challenging the pleading's sufficiency under Rule 8(a)(1), and the allegations of the pleading pertaining to jurisdiction are taken as true. But if the movant, either in his motion or in any supporting materials, denies or controverts the pleader's allegations of jurisdiction, then he is deemed to be challenging the actual existence of subject matter jurisdiction, and the allegations of the complaint are not controlling.
 
 
 22
 Id. (footnotes omitted).
 
 
 23
 The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists. Celotex Corp., 106 S.Ct. at 2553; Anderson v. Liberty Lobby, Inc., --- U.S. ----, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).
 
 
 24
 In his opposition to the defendants' motion to dismiss for lack of subject matter jurisdiction, Trentacosta did not present any evidence outside his pleadings to show that the vessel defendants were his employers within the meaning of the Jones Act. The defendants' motion to dismiss and supporting evidentiary papers challenged the existence of facts which were alleged to provide subject matter jurisdiction and presented evidence which supported their contention that Trentacosta was not the employee of any defendant (except perhaps Aero).
 
 
 25
 We conclude that the district court properly dismissed Trentacosta's Jones Act claim against all defendants except Aero.
 
 B. Dismissal of Remaining Claims
 
 26
 In his amended complaint, Trentacosta titled his first claim for relief as being brought under the "Jones Act and General Maritime Law." Under that claim he included an allegation that the vessel was unseaworthy. He also set forth claims for "Maintenance and Cure," "Negligence," and "Products Liability." But he was careful to invoke federal jurisdiction only under 28 U.S.C. Sec. 1331, and not admiralty jurisdiction under 28 U.S.C. Sec. 1333 or Rule 9(h).
 
 
 27
 A plaintiff need not identify a maritime claim as a claim within the district court's admiralty jurisdiction if the claim is "cognizable only in admiralty." Fed.R.Civ.P. 9(h). See supra note 1. Trentacosta's maritime claims were not "cognizable only in admiralty," but were joined as pendent claims under the jurisdictional grant provided in the Jones Act. See Romero v. International Terminal Operating Co., 358 U.S. 354, 380-81, 79 S.Ct. 468, 484-85, 3 L.Ed.2d 368 (1959) (noting that pendent federal maritime claims may be added to claims brought under the Jones Act). Trentacosta's election to invoke jurisdiction on the "law side" of the court (as opposed to the "admiralty side", 28 U.S.C. Sec. 1333(1)), therefore, precludes our treating his maritime claims as admiralty claims under Rule 9(h). See Alleman v. Bunge Corp., 756 F.2d 344, 345 (5th Cir.1984) (noting consequences attendant to plaintiff's "historic option" to not invoke admiralty jurisdiction under Rule 9(h) (citations omitted).
 
 
 28
 The proceedings in the district court confirm our conclusion that Trentacosta did not invoke the district court's admiralty jurisdiction. The defendants moved for dismissal claiming Trentacosta was not a seaman, and that the defendants were not his employers under the Jones Act. The district court agreed as to all defendants except Aero and ruled that because Trentacosta failed to allege valid claims under the Jones Act against defendants other than Aero, his remaining pendent claims against those defendants should also be dismissed. The district court did not adjudicate, nor did Trentacosta allege, any "rights" or "liabilities" arising in admiralty. Fed.R.Civ.P. 9(h).
 
 
 29
 The Fifth Circuit's holding in T.N.T. Marine Service, Inc. v. Weaver Shipyards and Dry Docks, Inc., 702 F.2d 585 (5th Cir.) (T.N.T.), cert. denied, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983), is consistent with our resolution of this jurisdictional issue. In T.N.T., the plaintiff sued the owners of a boat in personam and a tugboat (owned by the defendants) in rem for damages resulting from a sinking. The complaint alleged diversity jurisdiction under 28 U.S.C. Sec. 1332, and contained a statement that the suit was brought "for breach of a maritime contract and for maritime tort." The district court ruled that the suit was in admiralty and that the plaintiff was not entitled to a jury trial. On appeal, the Fifth Circuit affirmed. The court stated that language in the complaint alleging that the suit was brought "for breach of a maritime contract and for maritime tort" was a sufficient statement to claim admiralty jurisdiction under the first sentence of Rule 9(h); that the suit had also been brought against the "Tug OCEAN WIND, her engines, tackle, apparel, etc. in rem ", which made the claim cognizable only in admiralty; and that the plaintiff had elected to bring the suit under the admiralty jurisdiction of the court, notwithstanding that diversity as well as admiralty jurisdiction had been alleged in the complaint. Id. at 587-88.
 
 
 30
 In the case before us, as we have previously noted, Trentacosta did not allege admiralty jurisdiction nor did his complaint contain a statement invoking admiralty jurisdiction under Rule 9(h). On the contrary, he specifically alleged jurisdiction on the "law side" of the court solely on the basis of his Jones Act claim and federal question jurisdiction under 28 U.S.C. Sec. 1331. Moreover, Trentacosta's maritime claims were not cognizable solely in admiralty.[5] They were asserted instead as pendent to his Jones Act claim. See Romero v. Int'l Terminal Operating Co., 358 U.S. at 380-81, 79 S.Ct. at 484-85; Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1068-71 (5th Cir.1981) (noting distinction between cases, on the one hand, involving the Jones Act and pendent maritime claims, and, on the other hand, cases involving maritime claims in which the requirements of diversity jurisdiction have also been met); Romero v. Bethlehem Steel Corp., 515 F.2d 1249, 1253-54 (5th Cir.1975) (involving diversity).
 
 
 31
 Because Trentacosta specifically elected to file his suit on the "law side" of the court with jurisdiction premised solely on the Jones Act, the district court did not err when, upon dismissing the Jones Act claim against all defendants except Aero, it dismissed all remaining claims against those defendants.
 
 
 32
 Trentacosta's initial election to proceed on the law side of the court, rather than in admiralty, however, is not irrevocable. Doucet v. Wheless Drilling Company, 467 F.2d 336, 339 (5th Cir.1972) ("Plaintiff's choice of the law side was not an irrevocable one,"); O'Neill v. Cunard White Star, Ltd., 160 F.2d 446, 447 (2nd Cir.), cert. denied, 332 U.S. 773, 68 S.Ct. 56, 92 L.Ed. 358 (1947) ("any ground of substantive jurisdiction will serve to support an action, regardless of the formal amendments which may be necessary to make it triable on one side or the other of the Court"). For the reasons hereafter stated, we conclude that Trentacosta should have been granted leave to amend his complaint to allege subject matter jurisdiction over the claims which were dismissed (other than his Jones Act claim against all defendants except Aero).[6]
 
 IV
 MOTION TO AMEND
 
 33
 In his motion for reconsideration, Trentacosta included a request for leave to amend his complaint to cure "defective allegations of subject matter jurisdiction." The district court denied this motion without comment. On appeal Trentacosta abandoned that portion of his appeal attacking the order denying his motion for reconsideration, but continued to assert that he should have been granted leave to amend the complaint to cure the defective allegations of subject matter jurisdiction.
 
 
 34
 Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party. Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir.1986).[7] A dismissal should not be affirmed unless it is clear that the complaint could not be saved by any amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). There is nothing in the record indicating that Trentacosta acted in bad faith by failing to invoke the district court's admiralty jurisdiction. He sought leave to amend immediately after the court dismissed his Jones Act claim which theretofore had provided the only basis for the court's subject matter jurisdiction. Further, allowing Trentacosta the opportunity to amend his complaint will not unduly prejudice appellees. The complaint contains sufficient allegations to place the defendants on notice of the claims against them, and all parties against whom the claims are alleged have filed answers to Trentacosta's first amended complaint.[8] Allowing Trentacosta to amend his complaint to properly invoke the district court's admiralty/maritime jurisdiction is wholly consistent with the purpose of the Federal Rules of Civil Procedure, which is to "secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; see also Newton v. Shipman, 718 F.2d 959, 963 (9th Cir.1983) (noting that admiralty practice incorporates Fed.R.Civ.P. 1).
 
 V
 CONCLUSION
 
 35
 The district court's order dismissing Trentacosta's Jones Act claim against all defendants except Aero is affirmed. The district court's order denying Trentacosta's request for leave to amend his complaint to allege subject matter jurisdiction is reversed. In the event Trentacosta amends his complaint in such manner as will provide the district court with subject matter jurisdiction over the dismissed claims (other than Trentacosta's Jones Act claim against all defendants except Aero), the district court's order dismissing those claims for lack of subject matter jurisdiction shall be set aside.
 
 
 36
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 Fed.R.Civ.P. 9(h) provides in pertinent part:
 (h) Admiralty and Maritime Claims. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not.
 
 
 [2]
 The Jones Act provides in part:
 Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; ....
 46 U.S.C. Sec. 688.
 To recover under the Jones Act, a plaintiff must prove that (1) he was a seaman at the time he was injured, and (2) the defendant was his employer. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783 at 790-91, 69 S.Ct. 1317 at 1321-22, 93 L.Ed. 1692 (1949). In this case, the district court found that Trentacosta was a seaman and this finding is not challenged on appeal.
 
 
 [3]
 Aero sought to alter or amend the order, or to have the motion to dismiss reconsidered, because the court had found "the requisite employment relationship lacking as to all defendants except Aero Dinamico." It was Aero's position in its motion for reconsideration that the order was unclear as to whether or not a factual finding had been made that Trentacosta was Aero's employee, and if such a factual finding had been made, Aero contended that finding was contrary to the evidence before the court. The district court denied Aero's motion without comment. Aero has not appealed from the denial of its motion for reconsideration, or from the granting of the motion to dismiss. Its position is that since it remained a defendant in the case, following the granting of the motion to dismiss, the district court's statement regarding Trentacosta's employment relationship with Aero is not a final determination of Aero's rights and thus is not an appealable issue
 
 
 [4]
 Trentacosta also contends his affidavit and the affidavit of the helicopter pilot which were filed in suport of Trentacosta's motion for reconsideration present a genuine issue of material fact as to whether he was the employee of the vessel defendants. These affidavits, however, were not presented to the district court when it heard the defendants' earlier motion to dismiss. Trentacosta offered no excuse for not presenting them at that time. Under these circumstances, the district court properly denied Trentacosta's motion for reconsideration. Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir.1985)
 
 
 [5]
 Although Trentacosta named the "M/V SEA QUEEN, her engines, boats, tackle, apparel, furniture, furnishings, equipment and appurtenances" as one of the defendants in his complaint before the district court, he did not proceed against the vessel in rem in the district court. Compare T.N.T. Marine Service, Inc. v. Weaver Shipyards and Dry Docks, Inc., 702 F.2d 585, 588 (5th Cir.), cert. denied, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983); Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1065 n. 3 (5th Cir.), cert. denied, 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981). See Alyeska Pipeline Service Co. v. The Vessel Bay Ridge, 703 F.2d 381, 385 (9th Cir.1983) (seizure of vessel necessary to perfect admiralty jurisdiction in suit in rem against vessel; admiralty jurisdiction lost when vessel released)
 
 
 [6]
 If Trentacosta amends his complaint to invoke the district court's admiralty jurisdiction over those claims which are cognizable in admiralty, the district court will have jurisdiction of those claims. It will also have pendent jurisdiction of the non-admiralty ("legal") claims. Joinder of these claims is proper. Fed.R.Civ.P. 18(a). These admiralty and legal claims may be joined with Trentacosta's Jones Act claim against Aero. Fed.R.Civ.P. 20. At that point the question will likely arise as to whether Trentacosta will be entitled to a jury trial, and if so on which claims. "While [the United States Supreme] Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them." Fitzgerald v. United States Lines Co., 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963). The Fitzgerald court held that admiralty claims which are joined with Jones Act claims "must be submitted to the jury when both arise out of one set of facts." 374 U.S. at 21, 83 S.Ct. at 1650. The Court stated:
 Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depending in large part upon the same evidence and involve some identical elements of recovery.
 Id. at 18, 83 S.Ct. at 1649.
 The Court stated further: "Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments." Id. at 21, 83 S.Ct. at 1650. The determination of whether Trentacosta's claims arise out of the same transaction or occurrence is a question which should be resolved in the first instance by the district court. See Newton v. Shipman, 718 F.2d 959, 963 (9th Cir.1983). The district court also has the power "to bifurcate or consolidate trial of separate admiralty and civil claims depending on whether the claims are part of the same basic cause of action." Id. at 963 n. 4 (citation omitted).
 
 
 [7]
 The amendment of a pleading to add a statement identifying the claim as an admiralty claim to invoke the admiralty jurisdiction of the court is governed by the principles of Rule 15 which pertains generally to the amendment of pleadings. Fed.R.Civ.P. 9(h)
 
 
 [8]
 The issue arose during oral argument whether a new amended complaint would create statute of limitations problems. Rule 15(c) Fed.R.Civ.P. allows for the new pleading to relate back if four factors have been satisfied:
 (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.
 Schiavone v. Fortune a/k/a Time Inc., --- U.S. ----, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).
 The third factor does not enter into our analysis but the other factors would be satisfied if the amended complaint merely alleged admiralty jurisdiction.