972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TALKING YELLOW PAGES, INC., dba Primex, Plaintiff-Appellant,
v.
PACIFIC TELESIS GROUP, a Corporation; Pacific Bell, a
Corporation; Pacific Bell Directory, a
Corporation, Defendants-Appellees.
 No. 91-15994.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 23, 1992.
Decided Aug. 26, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Talking Yellow Pages, Inc. ("Primex") appeals the district court's dismissal pursuant to Rule 12(b)(6) of its first amended complaint without leave to amend and the court's denial of its Rule 59 motion to reconsider the dismissal. We affirm the dismissal and the denial of the motion to reconsider but reverse the denial of leave to amend.
 
 
 3
 I. Dismissal of the First Amended Complaint[1]
 
 
 4
 The following facts must be proved to establish an attempt to monopolize claim:
 
 
 5
 (1) specific intent to control prices or destroy competition;
 
 
 6
 (2) predatory or anticompetitive conduct to accomplish the monopolization
 
 
 7
 (3) dangerous probability of success; and
 
 
 8
 (4) causal antitrust injury.
 
 
 9
 Pacific Express, Inc. v. United Airlines, Inc., 959 F.2d 814, 817 (9th Cir.1992).
 
 
 10
 With respect to the first three prongs of this test, we have stated that "specific intent under the first element may be inferred from conduct under the second element, ... if the conduct is predatory," and that "[a] dangerous probability of success under the last element may also be inferred from conduct that could support an inference of intent." Thurman Industries, Inc. v. Pay 'n Pak Stores, Inc., 875 F.2d 1369, 1378 (9th Cir.1989). See also Gough v. Rossmoor Corp., 585 F.2d 381, 390 (9th Cir.1978) (noting that specific intent and probability of success can be inferred from predatory conduct), cert. denied, 440 U.S. 936 (1979).[2]
 
 
 11
 In this case, Primex alleges that its competitor, Pacific Telesis Group ("Pacific"), blocked and disconnected calls to Primex, caused Primex's telephone lines to become inoperable, and refused to repair or delayed in repairing problems with Primex's telephone lines. Primex argues that these contentions sufficiently allege predatory conduct, because, if true, they indicate that Pacific has impaired Primex's business opportunities not through competition on the merits but rather through attempts at preventing such competition. See 3 Phillip Areeda & Donald Turner, Antitrust Law p 625b (1978). Pacific's only counter-argument relies on Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Pacific contends that, because it had an incentive not to engage in the alleged conduct, such conduct cannot serve as a basis for a finding of predation. The problem with Pacific's position is that Matsushita does not so hold; in fact, the court did not even suggest that loss-inducing conduct could never constitute predatory conduct.
 
 
 12
 Because we find Matsushita to be inapposite, and because Pacific does not present any other arguments in support of its position, we reject Pacific's position. Dealing as we are with the bare complaint, we conclude that Primex has sufficiently alleged predatory conduct. The acts of which it complains arguably qualify as attempts to prevent competition. See Areeda & Turner, supra. Because Primex has adequately alleged predatory conduct, the Thurman inferences render Primex's complaint sufficient to satisfy the first three prongs of the test for attempted monopolization.
 
 
 13
 Primex's complaint fails, however, to allege antitrust injury. In order to prove such an injury, "the plaintiff must demonstrate that the defendant's conduct was intended to or did have some anticompetitive effect beyond his own loss of business or the market's loss of a competitor." California Computer Products, Inc. v. International Business Machines Corp., 613 F.2d 727, 732 (9th Cir.1979) (emphasis added). See also McGlinchy v. Shell Chemical Co., 845 F.2d 802, 812 (9th Cir.1988) ("The elimination of a single competitor, without more, does not prove anticompetitive effect.").
 
 
 14
 Primex's allegations focus entirely on the harms to Primex itself. For example, Primex contends that, as a result of Pacific Bell's acts, it has been unable to expand, it has lost clients and profits, it has suffered damage to its reputation, and it has purchased its own telephone system to avoid further problems with Pacific Bell. This is insufficient, because there is no suggestion in any of these allegations of harm to competition.[3]
 
 
 15
 Primex attempts to bolster its position by pointing out that, though injury to a competitor does not necessarily constitute injury to competition, in some circumstances "injury to competitors may be probative of harm to competition." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1040 (9th Cir.1987), aff'd 496 U.S. 543 (1990). Such circumstances are the exception, however, and generally have been confined to situations in which "the relevant market is both narrow and discrete and the market participants are few." Les Shockley Racing, Inc. v. National Hot Rod Association, 884 F.2d 504, 508-09 (9th Cir.1989). Primex does not contend that the market is narrow or discrete, nor does it suggest any other circumstances that might justify a finding that an injury to Primex constitutes an injury competition. We conclude, therefore, that Primex has alleged only injuries to itself, and that its allegations are insufficient to satisfy the antitrust injury requirement.
 
 
 16
 II. The District Court's Denial of Primex's Motion for Reconsideration[4]
 
 
 17
 The district court rejected Primex's Rule 59 motion for a new trial for two independent reasons: first, the evidence that Primex sought to submit was not newly discovered or formerly beyond its reach; and second, even if the evidence had been beyond Primex's reach, it still failed to allege antitrust injury. We assume without deciding that Primex is correct in arguing that the district court should have considered the evidence whether or not it was newly discovered. Nothing turns on this issue, as the district court considered the evidence and correctly ruled that it did not sufficiently allege antitrust injury. Primex's supplemental evidence--consisting primarily of notes and memoranda prepared by Pacific's employees--arguably indicates that those employees perceived Primex as a competitor and that they wanted to harm Primex. It indicates nothing, however, about the existence of antitrust injury, because it reveals nothing about any actual effects on competition. The district court, therefore, did not abuse its discretion in rejecting Primex's motion for a new trial based on that material.
 
 
 18
 III. The District Court's Denial of Leave to Amend
 
 
 19
 Primex contends that the district court erred in refusing to allow it to amend its complaint in dismissing the complaint and in denying Primex's motion to reconsider. Though there are four possible bases for a denial of leave to amend--bad faith, undue delay, prejudice to the opposing party, and futility of amendment, Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir.1991)--the parties agree that the only basis for denying Primex the opportunity to amend is futility of amendment.
 
 
 20
 The futility standard is straightforward: it applies only if "it is clear that the complaint could not be saved by any amendment." Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1561 (9th Cir.1987). In this case, as the discussion above indicates, the complaint's failure to allege antitrust injury could be remedied if it were amended to allege harm to competition (e.g., barriers to entry). Because such an amendment would save Primex's complaint, we cannot conclude that amendment would be futile. We find, therefore, that the district court erred in denying Primex leave to amend.
 
 CONCLUSION
 
 21
 We affirm the district court's dismissal of Primex's first amended complaint and the denial of Primex's Rule 59 motion for a new trial. We reverse the district court's denial of leave to amend and remand for further proceedings. Each party will bear its own costs.
 
 
 22
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We review de novo a dismissal for failure to state a claim. We accept all allegations of material fact as true and construe them in the light most favorable to Primex. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989)
 
 
 [2]
 The Supreme Court has granted certiorari in McQuillan v. Sorbothane, Inc., 907 F.2d 154 (9th Cir.1990) (mem.), cert. granted sub nom. Spectrum Sports, Inc. v. McQuillan, 112 S.Ct. 1557 (1992) on the question of whether specific intent, market power, and dangerous probability of success can be inferred from predatory conduct. This grant of certiorari has no effect on Ninth Circuit law, of course, and we are bound by our decisions allowing such inferences
 
 
 [3]
 There is one allegation in the complaint that merits additional discussion: Primex's assertion that "[d]efendants' conduct threatens to eliminate plaintiffs from the electronic information business and thereby establish a monopoly in all forms of 'yellow pages' advertising in defendants." This allegation differs from all the others in that it at least suggests the existence of some impact on the relevant market
 Despite its reference to a "monopoly," this allegation is insufficient. The only harm alleged is the elimination of Primex from the telephonic services market; the suggestion of a monopoly is mere speculation by Primex that no other company may enter the field. More important, there is no intimation of actual harm to competition. Primex does not allege, for example, that there will be barriers to entry as a result of its elimination from the market. At bottom, all that Primex is really alleging is that, if it folds, Pacific Bell will remain. This is insufficient to allege an antitrust injury.
 
 
 [4]
 We apply an abuse of discretion standard in reviewing a district court's denial of a Rule 59 motion for reconsideration. Hard v. Burlington Northern Railroad Co., 812 F.2d 482, 483 (9th Cir.1987)