28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol J. BELLAVANCE, Plaintiff-Appellant,
v.
STARLITE CRUISES (USA), INC., Starlite Cruises, Inc., et
al., Defendants-Appellees.
 No. 93-55486.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 10, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carol J. Bellavance appeals the district court's denial of her Fed.R.Civ.P. 60(b) motion in which she sought (1) relief from the district court's order dismissing the action for lack of jurisdiction and (2) permission to amend her complaint to invoke admiralty jurisdiction in her action against the defendants for injuries sustained while a passenger on board the defendants' cruise ships. We have jurisdiction pursuant to U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 On November 30, 1992, Bellavance, represented by counsel, filed a complaint against the defendants, alleging that as a passenger on board one of the defendants' cruise ships, she was injured while ascending a stairway. In the jurisdictional statement of the complaint, Bellavance alleged diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332(a)(1). In addition, on page 3, paragraph 7 of the complaint, Bellavance states "[t]his action is also asserted within admiralty jurisdiction of this honorable court as that term is defined by Sec. 9(h), Federal Rules of Civil Procedure and this cause of action is brought pursuant to Title 46 Section 740 and under general maritime law."
 
 
 5
 On December 30, 1992, before any answer was filed, the district court dismissed the action without prejudice for lack of diversity jurisdiction.
 
 
 6
 On January 8, 1993, Bellavance sought to file a motion for relief from the order dismissing the action and permission to amend the complaint to state a cause of action under admiralty jurisdiction pursuant to 28 U.S.C. Sec. 1333.[1] The motion was apparently rejected by the court and returned to Bellavance because the motion noticed a hearing for 8:30 a.m. instead of 1:30 p.m. Bellavance corrected the time and set a new date and resubmitted the motion on February 8, 1993.
 
 
 7
 On February 23, 1993, the district court vacated the hearing and denied the motion. Bellavance timely appeals from the denial of that motion.
 
 
 8
 We review a denial of a motion to reconsider for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Pena v. Seguros La Commercial, S.A., 770 F.2d 811, 814 (9th Cir.1985) (quotation omitted). An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). A motion to reconsider may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 9
 Here, the district court erred by not vacating its earlier order dismissing Bellavance's complaint and by not allowing Bellavance to either amend her complaint to invoke admiralty jurisdiction or finding that Bellavance's original complaint adequately alleged federal court jurisdiction under admiralty. See Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553 (9th Cir.1987) (district court abused its discretion by not allowing plaintiff to amend complaint to invoke admiralty jurisdiction).
 
 
 10
 In Trentacosta, the plaintiff, who was injured at sea, invoked federal court jurisdiction solely on the basis of the Jones Act, 46 U.S.C. Sec. 688. The district court found that it lacked jurisdiction under the Jones Act over all but one of the defendants and denied the plaintiff's motion to amend his complaint to cure the allegations against the other defendants which were jurisdictionally defective. See id., 813 F.2d at 1555. Here, unlike in Trentacosta, Bellavance's complaint actually stated that the "action was asserted within admiralty jurisdiction of this honorable court as that term is defined by Sec. 9(h), Federal Rules of Civil Procedure and this cause of action is brought pursuant to Title 46 Section 740 and under general maritime law." Cf. id. 813 F.2d at 1559 (noting that plaintiff's complaint had failed to invoke admiralty jurisdiction because it had not invoked "admiralty jurisdiction under 28 U.S.C. Sec. 1331 or Rule 9(h)"); see also Everett v. Carnival Cruise Line, 912 F.2d 1355, 1358 (11th Cir.1990) (husband and wife sued cruise line when wife tripped over the metal threshold cover for fire door on cruise ship; "[e]ven when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs ..."); T.N.T. Marine Servs., Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 587-88 (5th Cir.), cert. denied, 464 U.S. 847 (1983) (complaint alleged diversity jurisdiction, but alleged that action was brought "for breach of a maritime contract and for maritime tort"; court held language was sufficient to claim maritime jurisdiction under Fed.R.Civ.P. 9(h)).
 
 
 11
 Though Bellavance's admiralty jurisdictional allegation is not contained in the complaint's jurisdictional section, Bellavance's complaint clearly indicates that it seeks admiralty jurisdiction pursuant to Fed.R.Civ.P. 9(h).
 
 
 12
 Given these circumstances, the district court should have allowed Bellavance to amend the jurisdictional statement of her complaint to invoke admiralty jurisdiction. See id. at 1561 ("[l]eave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party"). Nothing in the record indicates that Bellavance acted in bad faith by failing to include her assertion of admiralty jurisdiction in the complaint's jurisdictional statement. She quickly sought leave to amend the complaint after the district court dismissed her action for lack of diversity. Furthermore, allowing Bellavance to amend her complaint would not unduly prejudice the defendants. The complaint contains sufficient allegations to place the defendants on notice of the claims against them. See id. Finally, given the potential time bars to Bellavance's action, allowing her to amend her complaint to invoke admiralty jurisdiction is consistent with the Federal Rules of Civil Procedures goal of securing "the just, speedy, and inexpensive determination of every action." See Fed.R.Civ.P. 1; see also Newton v. Shipman, 718 F.2d 959, 963 (9th Cir.1983) (observing that admiralty practice incorporates Fed.R.Civ.P. 1).
 
 
 13
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 District courts have original jurisdiction over admiralty or maritime cases. See 28 U.S.C. Sec. 1333(1); Fed.R.Civ.P. 9(h); see also Delta Country Ventures, Inc. v. Magana, 986 F.2d 1260, 1262-63 (9th Cir.1993) (outlining procedure for determining whether admiralty jurisdiction exists). Though this determination requires a detailed, case-specific analysis of the relevant factors, we note that the availability of admiralty jurisdiction for personal tort actions by passengers injured while on board vessels in navigable waters is well-established. See, e.g., Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991) (in personal injury action brought by a cruise ship passenger, Court observed as a preliminary matter that "this is a case in admiralty"); Morton v. De Oliveira, 984 F.2d 289, 290 (9th Cir.1992) (admiralty case arising from alleged rape of passenger while on board cruise ship); Milanovich v. Costa Crociere, S.P.A., 954 F.2d 763, (D.C.Cir.1992) (passenger who brought personal injury suit against cruise line was subject to general federal maritime law); Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1564 n. 10 (11th Cir.1991) (passenger sued for injuries received when sliding glass door ran over her toes; "[i]n maritime tort case such as this one, in which injury occurs aboard ship sailing on navigable waters, federal maritime law governs ..."); Palmer v. Fayard Moving & Transp. Corp., 930 F.2d 437, 440 (5th Cir.1991) (citing Benedict on Admiralty Sec. 171, 11-19 (7th ed. 1989) for proposition that if plaintiff "was not engaged in maritime role, she was at least a passenger aboard the vessel, a role long protected by admiralty jurisdiction"); Carey v. Bahama Cruise Lines, 864 F.2d 201, 207 n. 4 (1st Cir.1988) ("injury to a cruise ship passenger caused by a sliding gangway that connected cruise ship to a tender is a uniquely maritime injury"); Moteleone v. Bahama Cruise Line, Inc., 838 F.2d 63, 65 (2nd Cir.1988) (admiralty jurisdiction applied where passenger fell down flight of stairs aboard cruise ship). But see Delta Country Ventures, 986 F.2d at 1265 (Kozinski, J., dissenting) (observing that majority's holding unduly limits scope of admiralty jurisdiction and would allow court to "define any set of circumstances [including the personal injury of a passenger on board a cruise ship] in a way that will appear to have little or no relationship to traditional maritime activities" and thus will not be subject to admiralty jurisdiction)