129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert McMAHON, Plaintiff-Appellant,
v.
TELEVENTS INC.; Tele-Communications Inc.; TCI Cablevision
of California, Inc. of Davis, Defendants-Appellees.
 No. 95-15858.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1997.
Decided Oct. 29, 1997.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-94-02904-VRW; Vaughn R. Walker, District Judge, Presiding.
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 McMahon and Black (McMahon) appeal from the district court's dismissal of their complaint against Televents. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 McMahon first contends that the district court erred in granting Televents' Rule 12(b)(6) motion to dismiss the original complaint, because the motion was filed contemporaneously with its answer, while the Rule states that such a motion "shall be made before pleading if a further pleading is permitted."
 
 
 3
 McMahon has waived the right to challenge an erroneous ruling on the original complaint by filing an amended complaint. See Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Teamsters and Helpers Local No. 150, 440 F.2d 1096, 1098 (9th Cir.1971). This rule applies when the district court dismisses the complaint with leave to amend, USS-POSCO Industries v. Contra Costa County Building & Construction Trades Council, AFL-CIO, 31 F.3d 800, 812 (9th Cir.1994), which was the case here. Therefore, we deem this issue waived.
 
 
 4
 Next, McMahon argues that the district court erred in dismissing Tele-Communications, Inc. (TCI) for lack of personal jurisdiction. The burden of establishing personal jurisdiction. lies with McMahon. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986). Because the district court apparently received evidence by way of affidavit alone, McMahon needed to "make only a prima facie showing of jurisdictional facts through the submitted materials to avoid a defendant's motion to dismiss." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir.1977).
 
 
 5
 McMahon argues that he did so, through declarations that TCI controlled its subsidiaries' operations, a June 23, 1994, proxy statement by TCI in which it claimed to operate across the United States, a 1993 TCI profile, and a March 25, 1994, TCI annual report. However, McMahon submitted these documents in his motion for reconsideration, not his opposition to Televents' motion to dismiss for lack of personal jurisdiction, even though they were available earlier. The district court was within its discretion not to consider all but one declaration, on the grounds that the annual report, profile, and proxy statements could have been submitted in a timely fashion. See Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1557 n. 4 (9th Cir.1987). The final declaration dealt with a case decided under Oklahoma law, and the district court correctly distinguished it.
 
 
 6
 Moreover, McMahon's documents do not help his cause. The exact corporate structure of TCI is somewhat confusing, due to its August 4, 1994, reorganization. The main corporation, known as TCI from 1968 to 1994, changed its name to TCI Communications, Inc. (TCIC) on August 4, 1994. A separate company, TCI/Liberty Holding Company, was incorporated on January 24, 1994, and subsequently changed its name to Tele-Communications, Inc. on August 4, 1994. The "new" TCI is the holding company for the main corporation, TCIC. McMahon served the "new" TCI with his complaint. However, there is no evidence that the "new" TCI does any business or has any property or contacts in California. Moreover, the existence of a parent-subsidiary corporate relationship does not establish, by itself, jurisdiction over the parent company. Transure, Inc. v. Marsh & McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir.1985).
 
 
 7
 The evidence that McMahon submitted belatedly to the district court all related to what is presently known as TCIC, an entity that is not a party to this action. Therefore, this evidence did not disprove any facts in the McChesney declaration concerning TCI, and hence the district court did not err in dismissing TCI for lack of personal jurisdiction.
 
 
 8
 McMahon next contends that the district court erred in not enforcing an alleged written agreement by the parties to dismiss the RICO claims without prejudice. The only evidence McMahon provides of this alleged agreement is a January 4, 1995, letter from Televents' counsel, which states in its entirety:
 
 
 9
 Ms. Lewis is no longer with Crosby, Heafey, Roach & May. I am writing this letter to confirm your discussions with Ms. Lewis last week. In those discussions, we offered to stipulate to the dismissal of the RICO claims, with prejudice. We also offered to stipulate to the dismissal of the RICO claims without prejudice if you would agree in writing not to subsequently reassert RICO claims in this litigation. I understand that you refused both offers.
 
 
 10
 If my understanding is incorrect, please let me know immediately as we may be able to avoid further expense in litigating in federal court if we can reach an agreement on the terms of a voluntary dismissal of the RICO claims.
 
 
 11
 Contrary to McMahon's assertions, this letter does not represent an unequivocal offer. The use of conditional language such as "if we can reach an agreement on the terms of a voluntary dismissal" demonstrates that the letter was a "mere preliminary invitation[ ] which create[d] no power of acceptance in the recipient." See, e.g., Foremost Pro Color v. Eastman Kodak Co., 703 F.2d 534, 539 (9th Cir.1983) (California law).[1] Under California law, "[p]reliminary negotiations or an agreement for future negotiations are not the functional equivalent of a valid, subsisting agreement." Kruse v. Bank of America, 248 Cal.Rptr. 217, 229 (Cal.App.1988). Therefore, the district court did not err in refusing to uphold this alleged agreement.
 
 
 12
 Finally, McMahon contends that the district court erred in dismissing the supplemental state law claims, rather than remanding them to the state court.
 
 
 13
 Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over [state law claims] if the district court has dismissed all claims over which it has original jurisdiction." The district court may, in the exercise of its discretion, retain supplemental jurisdiction and adjudicate the state law claims even after eliminating all federal claims. See Schneider v. TRW, Inc., 938 F.2d 986, 995 (9th Cir.1991); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 204 (9th Cir.1991). Given that "the district court is clearly in the best position to determine whether exercising pendent jurisdiction was necessary," Lee v. City of Beaumont, 12 F.3d 933, 937 (9th Cir.1993), the district court did not abuse its discretion by dismissing McMahon's remaining claims without prejudice, when McMahon failed to respond to the court's request for further briefing regarding whether there were any statute of limitations problems.
 
 
 14
 Finally, we hold, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, that the Appellate Commissioner is to determine that amount of just damages and single costs to be awarded to the appellees for McMahon's frivolous appeal.
 
 
 15
 AFFIRMED.
 
 
 16
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 [1]
 In Chroma Lighting v. GTE Products Corp., 111 F.3d 653, 657 (9th Cir.1997), we recognized that Foremost Pro was implicitly overruled as to the reasoning underlying its antitrust holding, which is not at issue here