Tyrone POWELL, Plaintiff-Appellant,

v.

OFFSHORE NAVIGATION, INC., etc., et al., Defendants-Appellees.

No. 80–3132
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 11, 1981.

Rehearing and Rehearing En Banc
Denied June 9, 1981.

John P. Keegan, New Orleans, La., for plaintiff-appellant.

Terriberry, Carroll, Yancey & Farrell, John A. Bolles, New Orleans, La., for Atlas Offshore Boat Ser. and Old Reliable Fire.

Adams & Reese, James E. Blazek, New Orleans, La., for American Home Assurance Co.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert M. Contois, Jr., New Orleans, La., for Texaco, Inc.

Courtenay, Forstall & Grace, Thomas J. Grace, New Orleans, La., for Home Insurance Co.

Before GEE, RUBIN and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

This appeal arises from a judgment in favor of defendants in a maritime action based on negligence and unseaworthiness. The primary issue is the district court's denial of the plaintiff's request for trial by jury, which request was based on the plaintiff's assertion of diversity jurisdiction as an alternative to federal admiralty jurisdiction. We hold that diversity jurisdiction did not lie because of the absence of complete diversity between the plaintiff and all of the defendants, and that this defect was not remedied by the plaintiff's assertion of admiralty jurisdiction over the non-diverse defendant. We affirm the judgment of the district court in favor of the defendants.

## I.

Tyrone Powell, an employee of the Department of the Interior, filed suit in August 1976 in the United States District Court for the Eastern District of Louisiana seeking compensation for personal injuries allegedly sustained as a result of his consumption of contaminated drinking water aboard a private vessel hired by the Department of the Interior to perform geological survey work in the Gulf of Mexico. Powell's suit was based solely on the unseaworthiness of the vessel and on the negligence of certain *in personam* defendants. In his original complaint, Powell named as defendants the M/V DRACO, the vessel on which the injury occurred; Atlas Offshore Boat Service, Inc. (Atlas), the owner of the vessel; and Offshore Navigation, Inc. (Offshore), the charterer of the vessel. Powell sought jurisdiction pursuant to 28 U.S.C. § 1391(b) and (c) (1976) and "the General Maritime Laws," [1] and asserted the applicability of Federal Rule of Civil Procedure 9(h),[2] thereby identifying his action as an admiralty claim for purposes of the federal rules. Powell also requested a trial by jury.

The defendants responded by moving, *inter alia*, to strike Powell's request for a jury trial. They argued that no right to trial by jury exists with respect to claims brought under federal admiralty jurisdiction, and that Powell had by his Rule 9(h) request specifically invoked such jurisdiction. These contentions of the defendants were clearly correct. *See Harrison v. Flota Mercante Grancolombiana S. A.,* 577 F.2d 968, 985–88 (5th Cir. 1978); *Romero v. Bethlehem Steel Corp.,* 515 F.2d 1249 (5th Cir. 1975). Moreover, we note that jurisdiction could not have been established on any basis other than admiralty on the facts stated in the original complaint. Diversity juris-

---

1. 28 U.S.C. § 1391 is of course the federal venue statute and does not grant any form of federal jurisdiction. We assume, on the basis of Powell's reference to "the General Maritime Laws" and his assertion of Fed.R.Civ.P. 9(h), that Powell intended in his original complaint to invoke federal admiralty jurisdiction, 28 U.S.C. § 1333.

2. Fed.R.Civ.P. 9(h) provides in pertinent part as follows:

   A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. . . .

diction would not lie because Powell was a citizen of Louisiana and both Atlas and Offshore were asserted to be Louisiana corporations; and, since Powell's complaint stated only maritime claims, his case could not be heard under the general federal question jurisdiction of 28 U.S.C. § 1331. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Accordingly the district court granted the defendants' motion to strike Powell's request for a jury trial, but at the same time granted a motion by Powell to amend his complaint so as to assert a basis for diversity jurisdiction.

Powell thereupon filed an amended complaint in which he named three diverse defendants in addition to the nondiverse defendants named in the original complaint: Texaco, Inc., the manufacturer of a coating used on the inside of the vessel's water tanks; Old Reliable Fire Insurance Co. (Old Reliable), Atlas's insurer; and American Home Assurance Co. (American Home), Offshore's insurer. Powell asserted that these three defendants were all foreign corporations, and also amended his complaint to assert that Offshore was a foreign corporation. An assertion in the original complaint that Atlas was a Louisiana corporation was not changed. Powell then invoked

the diversity jurisdiction of the court, 28 U.S.C. § 1332, with respect to his claims against the diverse defendants (Offshore, Texaco, Old Reliable and American Home), and the admiralty jurisdiction of the court, 28 U.S.C. § 1333, with respect to the nondiverse defendants (Atlas and the M/V DRACO).[3] Powell again requested a jury trial, but this time only with respect to the diversity defendants. He argued, in brief, that his claim against these defendants arose at common law and was therefore excepted from exclusive federal jurisdiction over maritime claims by the "saving-to-suitors" clause of section 1333;[4] Powell contended that his suit against the diverse defendants could therefore be brought in federal court by virtue of diversity jurisdiction, in which case the usual rule denying the right to jury trial in admiralty cases would not apply.

No party has disputed Powell's contention that a plaintiff asserting a maritime claim arising under the common law and brought in federal court by virtue of its diversity jurisdiction may indeed be tried by a jury. Although the substance of such a claim is generally no different from the merits of a maritime claim brought at admiralty in a federal court,[5] a common law claim heard under the court's diversity jurisdiction is nevertheless beyond the reach of

---

**3.** Since the action against the M/V DRACO is *in rem*, it falls within the exclusive admiralty jurisdiction of the federal courts and thus could not in any event be sued under federal diversity jurisdiction. While we therefore classify the vessel as "non-diverse," this does not mean that it is non-diverse in all senses in which a person may be so classified. For purposes of the complete diversity requirement, discussed in greater detail below, we treat the vessel as neither diverse nor non-diverse, for its presence in the suit in no way implicates the rationale behind diversity jurisdiction, that is, the protection of out-of-state litigants against bias in state courts.

**4.** 28 U.S.C. § 1333 in pertinent part provides as follows:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

. . . .

**5.** A maritime claim brought in the common law state courts or, by diversity jurisdiction, on the law side of the federal courts, is governed by the same principles as govern actions brought at admiralty, *i. e.*, by *federal* maritime law. *E. g., Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409–11, 74 S.Ct. 202, 204–05, 98 L.Ed. 143 (1953); *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 243–46, 63 S.Ct. 246, 249–50, 87 L.Ed. 239 (1942). State law may of course supplement federal maritime law, as in the exercise of its police powers or in the provision of an additional maritime tort remedy; state law may not, however, conflict with federal maritime law, as it would be redefining the requirements or limits of a remedy available at admiralty. *E. g., Askew v. American Waterways Operators, Inc.*, 411 U.S. 325, 93 S.Ct. 1590, 36 L.Ed.2d 280 (1973); *Romero v. International Terminal Operating Co., supra*, 358 U.S. at 373–74, 79 S.Ct. at 480–81; *Just v. Chambers*, 312 U.S. 383, 387–92, 61 S.Ct. 687, 690–93, 85 L.Ed. 903 (1941).

the admiralty rule restricting the right to trial by jury. This confusing distinction arises from the existence of alternative admiralty and non-admiralty remedies in *in personam* actions which fall within the scope of section 1333. As Professors Gilmore and Black succinctly explain:

> The Judiciary Act of 1789, it will be recalled, while bestowing "exclusive" admiralty jurisdiction on the District Courts, saved "to suitors, in all cases, the right of a common law remedy where the common law is competent to give it." [now codified at 28 U.S.C. § 1333; *see supra* note 4 for revised version now in force] . . .

> Summarily, the result of the cases is that a suitor who holds an *in personam* claim, which might be enforced by suit *in personam* in admiralty, may also bring suit, at his election, in the "common law" court—that is, by ordinary civil action in state court, or in federal court without reference to "admiralty," given diversity of citizenship and the requisite jurisdictional amount.

G. Gilmore & C. Black, Jr., *The Law of Admiralty* § 1–13 at 37 (1975). *See* 7A J. Moore & A. Pelaez, *Moore's Federal Practice* ¶ .210 (1979). Since a federal court exercising its diversity jurisdiction to hear an *in personam* maritime claim is sitting as a common law court, the parties in a diversity action may assert their right to trial by jury despite the limitations associated with actions in admiralty. *A. & G. Stevedores v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360, 82 S.Ct. 780, 784, 7 L.Ed.2d 798 (1962). Powell's *in personam* claims, which are based on the defendants' alleged negligence and on the vessel's alleged lack of seaworthiness, may of course be brought in state common law courts as well as in federal admiralty courts. *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 88–89, 66 S.Ct. 872, 874, 90 L.Ed. 1099 (1946). Therefore Powell was entitled to a jury trial if he could invoke the diversity jurisdiction of the district court to hear his maritime claims at law.

The difficulty with Powell's assertion of diversity jurisdiction is the apparent absence of complete diversity in this case, for Powell has named at least one defendant (Atlas) which is a citizen of the same state as is Powell. The rule of *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806), bars diversity actions where *any* defendant is a citizen of the same state as is the plaintiff. This ancient rule rests on the purpose of the original grant of diversity jurisdiction, which seems to have provided a national forum for the protection of out-of-state litigants against bias in favor of state residents. Since the chance of such bias decreases where citizens of one state are on opposing sides of the same lawsuit, the justification for diversity jurisdiction is diminished absent diversity between each plaintiff and each defendant. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3605 (1975). The complete diversity requirement is accorded particular deference because of its continued application over such a long period of our history. As the Supreme Court explained in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978):

> Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history clearly demonstrates a Congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.

437 U.S. at 373–74 (footnotes omitted). This court too has emphasized the importance of the complete diversity requirement. *See, e. g., Fawvor v. Texaco, Inc.*, 546 F.2d 636, 638–39 (5th Cir. 1977).

Powell recognizes that the rule of *Strawbridge v. Curtiss* would bar a diversity action against all of the named defendants in a single suit. However, Powell argues that his complaint asserts an "independent federal cause of action" (under federal admiralty jurisdiction, 28 U.S.C. § 1333) against the non-diverse defendant (Atlas) and that the non-diverse defendant therefore should

not be counted for purposes of the complete diversity requirement. For this proposition Powell relies on *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), in which the Supreme Court held, *inter alia*, that the naming of a non-diverse defendant in a maritime case would not violate the complete diversity requirement where the plaintiff had stated a Jones Act claim against that defendant. The Court explained its holding as follows:

> Respondents [New York and Delaware corporations] are of diverse citizenship from the petitioner, a Spanish subject. Since the Jones Act provides an independent basis of federal jurisdiction over the non-diverse respondent [a Spanish corporation], the rule of *Strawbridge v. Curtiss*, 3 Cranch 267, [2 L.Ed. 435] does not require dismissal of the claims against the diverse respondents. Accordingly, the dismissal of these claims for lack of jurisdiction was erroneous.

358 U.S. at 381, 79 S.Ct. at 485. In terms of *Romero*, then, Powell's argument is that his claim against Atlas should not bar diversity jurisdiction over the other defendants because that claim rests on an "independent basis of federal jurisdiction"—*i. e.*, the admiralty jurisdiction of section 1333.

In response, the defendants note that the non-diverse defendant in *Romero* was brought into the action by virtue of a *Jones Act* claim, which rests on a non-admiralty grant of jurisdiction. Since the Jones Act establishes a federal statutory basis of recovery, *see* 46 U.S.C. § 688, jurisdiction of a Jones Act claim is founded on general federal question jurisdiction, 28 U.S.C. § 1331, and not on federal admiralty jurisdiction, 28 U.S.C. § 1333. *See* G. Gilmore & C. Black, Jr., *supra*, at § 6–62. The non-diverse defendant in this case, however, is named solely on the basis of federal admiralty jurisdiction, 28 U.S.C. § 1333. On this basis the defendants argue that section 1333 is not an "independent basis of federal jurisdiction" in the context of the *Romero* holding at issue here. The district court agreed with this analysis and refused Powell's request for a jury trial with respect to the diverse defendants. The court explained its decision on rehearing of the issue as follows:

> Disregarding our admiralty jurisdiction, as we must in questioning whether or not this general maritime tort action is attended by a right to jury trial by virtue of the saving-to-suitors clause of 28 U.S.C. § 1333, we denied the plaintiff's motion for a jury trial as to defendants purportedly diverse from him, for lack of complete diversity under *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435.

All parties agree, and the district court seems to have assumed, that *Romero* excepts the *Strawbridge* requirement with respect to common law maritime claims only where the non-diverse defendant is the subject of an "independent" basis of federal jurisdiction." The question before us is therefore a narrow one: is federal admiralty jurisdiction an "independent basis of federal jurisdiction" which will allow suit against a non-diverse defendant in a maritime case without violating the rule of *Strawbridge v. Curtiss* and thereby destroying diversity jurisdiction over diverse defendants sued in the same action under the saving-to-suitors clause of section 1333?

## II.

This question, which does not appear to have previously been addressed,[6] arises because of the ambiguity in the Supreme Court's use of the phrase "independent basis of federal jurisdiction." Two possibilities arise from a cursory reading of the *Romero* language. First, the court might have used "independent to denote any jurisdictional basis *other than diversity*. This interpretation is urged by Powell, who relies on federal admiralty jurisdiction for his claim against the non-diverse defendant. Second, the Court might have used "independent" to denote any *non-admiralty* basis

---

**6.** *But see Serrano v. Empresa Lineas Maritimas Argentinas*, 257 F.Supp. 870, 875 (D.Md.1966) (apparently concluding that admiralty jurisdiction *is* an "independent basis of federal jurisdiction" within the meaning of the *Romero* exception to *Strawbridge v. Curtiss*).

of jurisdiction. This interpretation, urged by the defendants, rests heavily on the fact that *Romero* involved a Jones Act claim, which of course arises under general federal question jurisdiction.

There is a marked difference between these two possibilities. Federal admiralty jurisdiction is "independent" of maritime claims allowed by the saving-to-suitors clause and brought in federal court by virtue of diversity jurisdiction only in a very limited conceptual sense. Every maritime claim that is brought in diversity may also be brought under federal admiralty jurisdiction for the saving-to-suitors clause of section 1333 merely allows concurrent, not exclusive, jurisdiction to the state common law courts. Moreover, as a general rule the same substantive law governs the case whether it is brought under the admiralty jurisdiction of the federal courts or instead by the saving-to-suitors clause under either the common law jurisdiction of the states or the diversity jurisdiction of the federal courts. *See supra* at note 5. The choice between the two different routes through which a maritime claim may reach the federal courts (admiralty and diversity) is therefore determinative only of whether the suit is "at admiralty" or "at law; " the choice affects various procedural matters (most importantly the right to trial by jury) but does not affect the substantive rights of the parties. On the other hand, a Jones Act claim is "independent" of maritime claims brought in diversity in a more important, substantive sense. The Jones Act creates a cause of action for the seaman who is injured in the course of his employment by his employer's negligence, thereby allowing a maritime tort recovery by seamen against their employers. The general maritime law—whether applied by federal courts sitting in admiralty or by the state common law courts—does not provide for such claims. *See generally* G. Gilmore & C. Black, Jr., *supra*, at §§ 6–20 to 6–28. A Jones Act claim is therefore a different cause of action altogether from claims that can be brought in federal court under admiralty jurisdiction; the parameters of this cause of action are defined by the statute and not by the general maritime law. The Jones Act, for example, incorporates the terms of the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, which provisions do not affect maritime claims under section 1333. *See id.* at § 6–26. The choice between a Jones Act claim and a maritime claim is therefore a substantive one which may well determine whether there exists a right of recovery at all, and not merely whether the suit is "at admiralty" or "at law."

With the two possible interpretations of the phrase "independent basis of federal jurisdiction" thus understood, we think it clear that the *Romero* exception to the rule of *Strawbridge v. Curtiss* applies only in the narrower circumstances stated by the district court—*i. e.*, where a *non-admiralty* basis of jurisdiction exists over the non-diverse defendant. The broader interpretation urged by Powell—*i. e.*, that the *Romero* exception applies whenever *any* basis of jurisdiction other than diversity can be asserted against the non-diverse defendant— leads to a result much broader than anything possibly contemplated in *Romero*. As noted above, *any* action which may be brought at common law under the saving-to-suitors clause (and therefore into federal court via diversity) may also be brought under federal admiralty jurisdiction. Conversely, *any* claim brought under admiralty jurisdiction but falling under the saving-to-suitors clause (*i. e.*, any *in personam* maritime claim) may also be brought in federal court as a diversity action, provided of course that the plaintiff establishes diversity and the requisite jurisdictional amount. Thus, a maritime case against several defendants but not involving Jones Act or other statutory claims states a series of claims which may alternatively be brought either at admiralty or at law. Although the plaintiff may prefer to try his suit at law, he has the alternative with respect to each claim of bringing his suit at admiralty. If the plaintiff is allowed to assert diversity jurisdiction against diverse defendants while he asserts admiralty jurisdiction against non-diverse defendants, the result

is the abolition of the complete diversity requirement in maritime cases, for in such cases the plaintiff will *always* have the option of suing each non-diverse defendant at admiralty. We think it clear that *Romero* did not, however, abolish the *Strawbridge v. Curtiss* requirement in the context of admiralty suits: the opinion rests on the proposition that "the Jones Act provides an independent basis of jurisdiction," a statement which on its face presumes that maritime cases do indeed exist where no such "independent basis" exists.

There is of course a certain artificiality in this analysis, for whether or not the rule of *Strawbridge v. Curtiss* bars diversity jurisdiction in this case, it is clear that jurisdiction over each claim is at least within the bounds of federal admiralty jurisdiction. The real issue is whether Powell was entitled to a trial by jury, and that is a question which only by historical accident hinges on the nature of the jurisdictional basis. Still, however, the district court's narrow interpretation of *Romero* is most consistent with the legal framework now in place for determining whether a right to trial by jury exists in a maritime case tried in the federal courts. If the broader interpretation of *Romero* were accepted, *i. e.*, if admiralty were such an "independent" basis of jurisdiction as would exempt the non-diverse defendant from the *Strawbridge* requirement, then the existence of alternative admiralty and common law claims would in effect allow a plaintiff to circumvent the complete diversity requirement altogether, for each non-diverse defendant could be sued under the admiralty alternative. This would leave the district court with two choices with respect to the granting of a trial by jury in all maritime cases in which minimal diversity is present; each of these choices, however, is inconsistent with the jurisdictional framework established by Congress and developed by the Supreme Court.

First, the court could hold a jury trial with respect to the diverse defendants, whose claims are "at law," and a bench trial with respect to the non-diverse defendants, whose claims are "at admiralty." A similar splitting of the case between fact-finders was, however, condemned by the Supreme Court in *Fitzgerald v. United States Lines*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963) (a maintenance and cure claim joined by pendent jurisdiction with a Jones Act claim must be submitted to the jury when both arise from one set of facts). As the Court explained:

> Requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery.

374 U.S. at 18–19. Of course, the splitting in *Fitzgerald* was particularly striking because it had the effect of dividing interrelated causes of action between the two fact-finders; recovery under the admiralty claims (tried by the judge) depended in part on factual findings made with respect to the Jones Act claim (tried by the jury, whose particular findings and reasoning could only be guessed by the judge). In this case each defendant would have its claims decided by a single fact-finder and there would be no need to split causes of action against any one defendant. It should be obvious, however, that the facts necessary to establish claims against the various defendants are nevertheless interrelated in a manner analogous to the confusion between the causes of action at issue in *Fitzgerald*, for the claims against all defendants arise out of the same maritime accident. We think the interest at stake in *Fitzgerald* is therefore no less relevant here, and that consequently one trier of fact should be used with respect to all defendants.

The second alternative is for the district court to grant a jury trial with respect to all defendants, both diverse and non-diverse. While this approach is arguably consistent with that taken in *Fitzgerald*,[7] it

---

7. We note however that the question here is quite distinct from that raised in *Fitzgerald*.

The *Fitzgerald* opinion rests on the proper assumption that the plaintiff was entitled to a

would cause a far greater change in the number and type of claims cognizable only at admiralty but nevertheless tried to a jury. In *Fitzgerald* the Supreme Court allowed a seaman to submit a maritime claim against a single defendant to the jury along with the seaman's Jones Act claim against the same defendant. However, the joinder of claims for trial by jury would in this case allow a plaintiff to assert a right to trial by jury against *all* named defendants in *all* maritime cases in which even a single diverse defendant could be named. As this case illustrates, that task is not a difficult one; having lost his initial bid for a jury trial, Powell merely amended his complaint to add the two out-of-state insurers and an out-of-state manufacturer of a product involved in the accident.

The consequent expansion in the use of juries in federal admiralty cases may or may not be desirable as a matter of public policy, but it is certainly contrary to the still extant division between actions at admiralty and actions at law.[8] In this respect we find instructive the Supreme Court's guidance on the distinction between admiralty and general federal question jurisdiction. In *Romero v. International Terminal Operating Co., supra*, the Court rejected an assertion by the plaintiff that cases based on general maritime law arose under general federal question jurisdiction, 28 U.S.C. § 1331. Although maritime claims might seem literally to fall within this provision,[9] the Court emphasized the absence of any intent behind the act establishing general federal question jurisdiction to so include within it what was already cognizable under federal admiralty jurisdiction. As the Court explained:

> There is not the slightest indication of any intention, or of any professional or lay demands for a change in the time-sanctioned mode of trying suits in admiralty without a jury, from which it can be inferred that by the new grant of cases "arising under the Constitution or laws" a drastic innovation was impliedly introduced into admiralty procedure, whereby Congress changed the method by which federal courts had administered admiralty for almost a century. To draw such an inference is to find that a revolutionary procedural change had undesignedly come to pass.

358 U.S. at 354. The question now before us is analogous to the section 1331 issue decided by the Supreme Court in *Romero*. Here the plaintiff seeks an action at law and therefore a jury trial by virtue of diversity jurisdiction rather than by virtue of general federal question jurisdiction, but in both cases the ultimate object is the trial of an admiralty claim through an alternative grant of federal jurisdiction. Here the issue is more complex than in *Romero*, for the saving-to-suitors clause undeniably allows maritime claims to be brought at common law and, when diversity jurisdiction is present, on the law side of the federal courts. So long as diversity and the requisite jurisdictional amount is established, therefore, the jurisdictional system does indeed allow a plaintiff to do through diversity jurisdiction what he could not do through general federal question jurisdiction. What

---

trial by jury at least with respect to his cause of action arising under the Jones Act. Here by contrast we are faced with the threshold question of whether a right to a trial by jury exists at all with respect to any of the defendants named in the case. The choice in *Fitzgerald* was between splitting the case and trying the whole matter to the jury; here we have the additional option of trying the whole matter to the court.

**8.** The Federal Rules of Civil Procedure were amended in 1966 so as to rescind the Rules of Practice in Admiralty and Maritime Cases and thereby unify civil and admiralty practice. A

number of distinctive admiralty rules of procedure were nevertheless retained, both in the Federal Rules of Civil Procedure and in the Supplemental Rules for Certain Admiralty and Maritime Claims. *See generally* 7A J. Moore & A. Pelaez, *Moore's Federal Practice* ¶¶ .01–.03, .53, .90 (1979).

**9.** 28 U.S.C. § 1331 provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy ... arises under the Constitution, laws, or treaties of the United States. ...

the plaintiff asks here, however, is a definition of diversity which is different from that applied in any other context. As we have explained, the rule urged by Powell would in effect require only minimal diversity in maritime cases, since any non-diverse defendant could be sued under federal admiralty jurisdiction and thereby be exempted from the effects of *Strawbridge v. Curtiss.* Even assuming that the Congress somehow intended, by virtue of the saving-to-suitors clause of section 1333, to allow some maritime claims to be tried on the law side of the federal courts through diversity jurisdiction, we think it unreasonable to assume that Congress intended a lesser standard of diversity to apply in such cases. No party to this action has suggested such an intent on the part of Congress, and our research has failed to uncover any evidence of one.[10] An expansion of such magnitude in diversity jurisdiction over maritime cases would render diversity a very different concept in the maritime context than in other areas and as a practical matter would allow an unintended alternative to admiralty jurisdiction in most maritime cases. We think such an expansion would conflict with the thrust of *Romero,* for the Supreme Court's opinion in that case makes it clear that if the age-old absence of jury trials in admiralty cases is to be remedied, that remedy is in the province of Congress. To extend the right of trial by jury to admiralty cases by requiring only minimal diversity is no more in harmony with the statutory scheme as it now exists than is the attempted extension by virtue of general federal question jurisdiction. We hold therefore that while a non-diverse defendant may be sued under the Jones Act or some other non-admiralty basis of federal jurisdiction without destroying diversity as to diverse defendants

sued on maritime claims in the same suit, the presence of a non-diverse defendant solely on the basis of federal admiralty jurisdiction will indeed implicate the rule of *Strawbridge v. Curtiss* and thereby destroy diversity jurisdiction in the case. Accordingly, we conclude that the district court properly denied Powell's request for a trial by jury.

### III.

■ Powell also argues that the district court's findings of fact with regard to the proximate cause of his injuries were clearly erroneous. We have reviewed the record and we conclude that the court's findings are adequately supported by the evidence. We therefore affirm the judgment of the district court.

AFFIRMED.

---

**10.** The question of legislative intent is somewhat more elusive here than in *Romero.* Unlike the provision of general federal question jurisdiction, which was enacted as part of the Judiciary Act of 1875, the rule of complete diversity was originally developed by the Supreme Court and has never explicitly been added to the statute by Congress. Thus, it is only by virtue of the long-standing survival of the rule in the face of numerous re-enactments of the diversity jurisdiction statute that the Supreme Court attributed to the rule the force of

a "Congressional mandate" in *Owen Equipment & Erection Co. v. Kroger, supra.* Nevertheless we find persuasive in this case the Congressional silence which in *Owen Equipment & Erection Co.* led the Court to accept the rule of complete diversity as implicitly adopted by Congress. Just as Congress could have, but did not, reject altogether the rule of complete diversity, Congress also could have, but did not, exempt maritime cases from the reach of that rule.