WENTWORTH, Judge.
Appellant seeks review, and appellees seek review by cross-appeal, of a partial summary judgment and an order entered after trial whereby each party’s claim was denied and it was decreed that each party “take nothing” from the other. We find that the court erred in denying appellant’s claim for attorney’s fees and costs, and we otherwise affirm the order appealed.
Chien-Yun Chu was a seaman aboard a vessel which was owned and operated by appellee and which was repaired by appellant. Chu brought an action against both appellant and appellee after he sustained injury upon falling from a lifeboat which appellant had serviced; appellant and ap-pellee both cross-claimed against the other for indemnity/contribution. Appellee eventually settled with Chu, obtaining a release of liability effective as to both appellee and appellant.
Although Chu was no longer a party to the action, appellant’s and appellee’s cross-claims remained outstanding. The court entered summary judgment in favor of appellant upon appellee’s claim for indemnity, and the cause otherwise proceeded to trial. The jury returned a verdict finding that appellee was 60% negligent, and appellant 40% negligent, and the court directed verdict in appellant’s favor on the issue of whether an exculpatory and indemnity clause in the contract between the parties precluded recovery by appellee. The court then entered an order finding that each party should “take nothing” from the other.
The contract between the parties consists of numerous documents prepared by appellant, some of which contain language in red type providing that:
... liability for defective workmanship or material shall be limited strictly to ... repair or replacement, and ... we shall have no liability of any kind to any party for damages directly or indirectly caused by defective workmanship or material. For personal injury, death, or damage to the vessel or any other property, not caused by defective workmanship or material, we shall be liable only for damages affirmatively shown to have been caused by our sole negligence. In no event shall we be liable for any consequential damages whatsoever.... The Customer agrees to indemnify and hold us harmless with respect to the above conditions.
Commonly known as a “Red Letter” clause, similar provisions have been held to be valid and enforceable as a matter of federal maritime law. See e.g., Alcoa Steamship Co. v. Charles Ferran and Co., 383 F.2d 46 (5th Cir.1967). In the present case the clause is clear and unambiguous, and expressly provides for indemnification. As Perkins State Bank v. Connolly, 632 F.2d 1306 (5th CCA 1980), indicates in discussing Florida law,[1] attorney’s fees and costs are generally an incident of indemnity. The inclusion of attorney’s fees for indemnity may be assumed to be the parties’ intent unless the agreement explicitly provides otherwise. See E. C. Ernst Inc. v. Manhattan Construction Co. of Texas, 551 F.2d 1026 rehearing denied in part, granted in part, 559 F.2d 268 (5th CCA 1977), cert. denied, Provident Hospital v. Manhattan Construction, 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978). In the present case the express indemnity provision of the “Red Letter” clause is a suffi *351 cient predicate for an award of attorney’s fees and costs, and the contract does not otherwise negate the application of the indemnity provision to attorney’s fees and costs. Appellant was therefore entitled to such an award, and the court erred in ruling to the contrary.
The order appealed is hereby amended so as to award appellant attorney’s fees and costs, and as amended the order is affirmed.
BOOTH and THOMPSON, JJ„ concur.

. The parties agree that this maritime claim is governed by federal maritime law; however, to the extent that it does not conflict, state law may supplement the federal law in this area. See Powell v. Offshore Navigation Inc., 644 F.2d 1063 (5th CCA 1981), fn. 5.