628 So.2d 1108 (1991)
Spencer PARKER
v.
ROWAN COMPANIES, INC.
No. 91-CC-1271.
Supreme Court of Louisiana.
December 2, 1991.
David A. Hurlburt, Hurlburt, Privat & Monrose, for applicant.
*1109 Herbert W. Barnes, David B. Allen, Samanie, Barnes & Allen, Mark D. Rhodes, for respondent.
Lawrence S. Kullman, for LA Trial Lawyers Assn., Amicus Curiae.
MARCUS, Justice.
Spencer Parker was employed by Rowan Companies, Inc. (Rowan) as a crew member of Rowan Louisiana Rig # 16. On January 20, 1990, while working on the rig, Parker was involved in an accident that caused severe injuries to his hand. He sued Rowan in state court in a petition entitled "Petition for Damages under the Jones Act and General Maritime Law." He stated in the petition that the action was brought "under the Jones Act/General Maritime Law and the Savings to Suitors Clause." Plaintiff alleged damages under the Jones Act for the negligence of Rowan and under general maritime law for the unseaworthiness of the rig and Rowan's duty to provide him with maintenance and cure benefits. At this time, plaintiff requested a jury trial.
Several months later, plaintiff filed an amended and supplemental petition in which he requested a non-jury trial pursuant to La.Code Civ.P. art. 1732(6). In its answer to the amended petition, Rowan asserted its entitlement to a jury trial. Plaintiff then filed a motion to strike Rowan's jury trial request on the ground that under La.Code Civ.P. art. 1732(6), Louisiana law no longer recognizes the right to a jury trial when the plaintiff's claim is designated as an admiralty or general maritime claim and brought under the "saving to suitors" clause. The district court granted plaintiff's motion to strike the jury.
Rowan sought a writ of review to the Court of Appeal, First Circuit. The court of appeal denied the writ, based on its earlier holding in Heinhuis v. Venture Assoc., 558 So.2d 1244 (La.App. 1st Cir.), writs denied, 559 So.2d 1369, 1385 (La.1990). Upon Rowan's application, we granted certiorari to review the correctness of the district court's ruling to strike the jury.[1] Subsequently, we granted an application in Briley v. Rowan Cos. and consolidated it with this case.[2]
The issue in this case is whether La.Code Civ.P. art. 1732(6) is applicable when a plaintiff asserts a Jones Act claim in addition to an admiralty or general maritime claim.
The plaintiff in this case is seeking remedies based on unseaworthiness, maintenance and cure, and the Jones Act. Unseaworthiness and maintenance and cure are general maritime claims that may be brought on the admiralty side of federal court, where there is no right to a trial by jury. See Cruz v. Hendy Int'l Co., 638 F.2d 719, 723 (5th Cir.1981); G. Gilmore & C. Black, The Law of Admiralty § 6-9 (2d ed. 1975). Pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333,[3] a plaintiff may also bring these maritime claims either on the law side of federal court, if there is an independent basis for subject matter jurisdiction, or in state court. 1B Benedict on Admiralty § 2 (7th ed. 1991). If the action is brought on the law side of federal court, either party has a right to request a jury. See Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1066 (5th Cir.), cert. denied, 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981).
Jones Act claims are governed by federal statute, 46 U.S.C.App. § 688,[4] which allows a jury trial. These claims are within *1110 the non-admiralty jurisdiction of the federal court, based on general federal question jurisdiction. See Powell, 644 F.2d at 1067. A plaintiff may also choose to bring a Jones Act claim in state court, pursuant to a statutory grant of concurrent jurisdiction.[5]
Suits by seamen in state or federal court typically cumulate unseaworthiness, maintenance and cure, and Jones Act claims. Under Fed.R.Civ.P. 9(h), the plaintiff in federal court with combined Jones Act and general maritime law claims has the option to bring the action within the court's admiralty jurisdiction by designating the claim as a general maritime claim.[6] If the plaintiff chooses to designate the entire suit as a general maritime claim, he waives the right to a jury trial for the Jones Act claim. See Lavergne v. Western Co., 371 So.2d 807, 809 (La.1979).
In Louisiana, prior to the current La.Code Civ.P. art. 1732(6), the right to a jury trial existed for general maritime law claims brought to state courts pursuant to the "saving to suitors" clause. In Lavergne, 371 So.2d at 810, this court held:
[W]e conclude that a right to a trial by jury is one of the remedies to which a suitor is otherwise entitled pursuant to 28 U.S.C. § 1333 when an in personam suit based upon the general maritime law is brought in our state courts.
Therefore, this right to a jury existed in a Louisiana state court, regardless of whether the right existed in a federal court. In cases involving a Jones Act claim alone or combined with general maritime claims, either party had the right to request a jury. La. Code Civ.P. art. 1731(A).[7]
Louisiana Code Civ.P. art. 1732(6), effective since September, 1988, provides:
A trial by jury shall not be available in:
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.
Louisiana recognizes the right to a trial by jury except in certain limited exceptions set forth by statute. La.Code Civ.P. arts. 1731-32. A party claiming that its case fits within an exception to the right to a trial by jury has the burden of proving that the case falls within that exception. Cambridge Corner Corp. v. Menard, 525 So.2d 527, 530 (La.1988). Furthermore, jurisprudence indicates that the right to a trial by jury is fundamental in character and courts should indulge in every presumption against a waiver, loss, or forfeiture of that right. Champagne v. American S. Ins. Co., 295 So.2d 437, 439 (La.1974).
In the instant case, plaintiff did not limit his suit to general maritime claims. In both his original and amended petitions, he claimed damages under general maritime law and the Jones Act.
Article 1732(6) does not include Jones Act claims, but states only "[a] suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal `saving to suitors' clause" [emphasis added]. A Jones Act claim *1111 is not a maritime or admiralty claim, but a claim at law. See Powell, 644 F.2d at 1068; Cruz, 638 F.2d at 723. In addition, state courts have concurrent jurisdiction of Jones Act claims pursuant to federal statute, not the "saving to suitors" clause.
Under Fed.R.Civ.P. 9(h), a plaintiff in federal court with combined Jones Act and general maritime claims can choose to designate his entire suit as an admiralty claim and waive his right to a jury trial. However, the language of Fed.R.Civ.P. 9(h) differs from that of La.Code Civ.P. art. 1732(6). Rule 9(h) refers to "a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground" [emphasis added]. The Louisiana article does not refer to any type of claim other than a maritime/admiralty claim.
Despite the clear language of art. 1732(6), plaintiff contends that the legislature's intent was to achieve uniformity with federal law by modeling art. 1732(6) after Fed.R.Civ.P. 9(h) to allow the plaintiff to control the right to a jury trial in a suit on an admiralty or general maritime claim combined with a Jones Act claim.[8] However, we will not attempt to discern the will of the legislature at the time the act was passed. Article 9 of the Louisiana Civil Code provides: "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Article 1732(6) is not ambiguous, nor does it lead to absurd results. It effects a change in prior law in that it gives the plaintiff alone the choice to have his admiralty or general maritime claims tried without a jury, but it does not extend this choice to cases in which the plaintiff has added a Jones Act claim or any other claim arising under non-maritime law. Any further limitation of the right to a trial by jury under art. 1732(6) addresses itself to the legislature.
Plaintiff therefore has not met the burden of proving that his case falls within an exception to the right of a trial by jury. His claims are based on general maritime law and the Jones Act. Article 1732(6) is clear and unambiguous in limiting the exception to a trial by jury to a suit on an admiralty or general maritime claim that the plaintiff has designated as such. Accordingly, art. 1732(6) is not applicable in this case. The trial judge erred in granting plaintiff's motion to strike the jury. Heinhuis v. Venture Assoc., 558 So.2d 1244 (La.App. 1st Cir.1990), is expressly overruled.

DECREE
For the reasons assigned, the judgment of the district court granting Spencer Parker's motion to strike the jury is vacated and set aside. The case is remanded to the district court for further proceedings in accordance with the views expressed herein. All costs of this appeal are assessed against Spencer Parker.
DENNIS, J., dissents with reasons.
WATSON, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
I respectfully dissent. Louisiana Code of Civil Procedure article 1732 provides in pertinent part:
A trial by jury shall not be available in:
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal *1112 "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.
State courts, unlike federal courts, are courts of plenary jurisdiction. In order to properly sue in a federal court, the plaintiff must invoke one of three bases for jurisdiction: federal question jurisdiction, 28 U.S.C. § 1331; diversity of citizenship, 28 U.S.C. § 1332; or admiralty jurisdiction, 28 U.S.C. § 1333. The federal courts have been traditionally referred to as having a "law" side and an "admiralty" side of the court. On the law side, jurisdiction may be predicated only on §§ 1331 and 1332, federal question and diversity jurisdiction. On the admiralty side of the court, only admiralty jurisdiction may exist.
It is well-settled that admiralty claims are brought on the admiralty side of the court, or if an alternative basis for jurisdiction is present, they may also be brought on the law side of the federal court. Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). A Jones Act claim may be brought in federal court on either the law side because it is a federal statute invoking federal jurisdiction under 28 U.S.C. § 1331, see Panama Railroad Co. v. Johnson, 264 U.S. 375, 383-384, 44 S.Ct. 391, 392-393, 68 L.Ed. 748 (1924); Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1068 (5th Cir.1981), or under the admiralty jurisdiction, see Panama Railroad Co. v. Johnson, supra, 264 U.S. at 390-391, 44 S.Ct. at 395-396.
It is equally clear that state courts have jurisdiction over federal matters arising under federal statutes and laws, Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947), and admiralty matters brought pursuant to the savings clause of 28 U.S.C. § 1333, see Schoenbaum, Admiralty and Maritime Law, at 117 (1987), and cases cited therein.
It logically follows then that a Jones Act claim may be brought in state court under principles of state jurisdiction over federal matters under Testa v. Katt, supra, or under the savings clause of 28 U.S.C. § 1333. However, since a state court has plenary jurisdiction, there is no reason to state the basis of the jurisdiction.
As the majority noted, by invoking the admiralty jurisdiction of the federal courts, a Jones Act plaintiff may obviate the defendant's right to request a jury trial. See Lavergne v. Western Co., 371 So.2d 807, 809 (La.1979). However, the election to proceed at law or in admiralty in a federal court, and thus invoke the procedural advantages regarding jury trials of each, is not irrevokable and may be reconsidered and subsequently changed. Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553 (9th Cir.1987); Romero v. Bethlehem Steel Corp., 515 F.2d 1249 (5th Cir.1975). It seems clear that the right to make a similar election is what is contemplated by article 1732(6); and the majority rightfully concludes that this is the purpose of the statute.
However, the majority errs in concluding that the Jones Act is not an admiralty claim within the meaning of article 1732(6). It is true that the United States Fifth Circuit Court of Appeals in Powell v. Offshore Navigation, supra, and Cruz v. Hendy Intern. Co., 638 F.2d 719 (5th Cir.1981), used unfortunate language which implies that a Jones Act claim is not an "admiralty" claim. However, the majority misunderstands the distinction sought by the Fifth Circuit. By closely looking at the opinion, one realizes that the court of appeal was stating that the Jones Act is not governed by ordinary principles of the general maritime law, but instead is based on federal statutory and common law remedies. This was recognized long ago by the United States Supreme Court in Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924). However the Supreme Court also recognized that the mere fact that a Jones Act claim resembles traditional common law actions, it is still an admiralty claim governed by the maritime law where not in conflict with the statute. Consider:
The defendant objects that the [Jones Act]... is in conflict with § 2 of article 3 of the Constitution, which extends the judicial power of the United States to "all cases of admiralty and maritime jurisdiction."
* * * * * *

*1113 The particular grounds on which a conflict... is asserted are that the statute enables a seaman asserting a cause of action essentially maritime to withdraw it from the reach of the maritime law and the admiralty jurisdiction, and to have it determined according to the principles of a different system, applicable to a distinct and irrelevant field, and also disregards the restriction in respect of uniformity. For reasons which will be stated, we think neither claim can be sustained.
The statute is concerned with the relative rights and obligations of seamen and their employers, arising out of personal injuries sustained by the former in the course of their employment. Without question this is a matter which falls within the recognized sphere of maritime law, and in respect of which the maritime rules have differed materially from those of the common law applicable to injuries sustained by employees in nonmaritime service. But, as Congress is empowered by the constitutional provision to alter, qualify, or supplement the maritime rules, there is no reason why it may not bring them into relative conformity to the common-law rules or some modification of the latter, if the change be countrywide and uniform in operation....
Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seamen to do so. On the contrary, it brings into that law new rules, drawn from another system, and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules, or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified, and not between that law and some non-maritime system. [Emphasis added.] Id., 387-389, 44 S.Ct. at 394-395.
Thus under a clear reading of the statute, in light of United States Supreme Court precedent, it is completely erroneous for the majority to have reached the result that a "Jones Act claim is not a maritime or admiralty claim." See also Maraist, Admiralty in a Nutshell, at 216 (2d ed. 1988) ("A claim under the Jones Act may be brought as an admiralty claim in federal court or in state court"). This is further buttressed by the admiralty jurisdiction test enunciated by the Supreme Court in Foremost Insurance Co. v. Richardson, 457 U.S. 668, 674, 102 S.Ct. 2654, 2658, 73 L.Ed.2d 300 (1982) which requires that the act occur on navigable waters and there must be a significant relationship between the wrong and traditional maritime activity. It cannot be reasonably disputed that a Jones Act seaman's claim falls within these traditional perimeters of the admiralty jurisdiction of the court. See Hough v. Western Transp. Co., 70 U.S. 20, 36 (1865) ("Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas of navigable waters, is of admiralty cognizance.") Under current maritime law, the jurisdictional bases for the claim can be both at law, under federal question jurisdiction, or in admiralty.
As an additional point, the majority incorrectly gives great weight to the absence of certain language in article 1732(6) present in Federal Rules of Civil Procedure, Rule 9(h), which it was modeled after. Rule 9(h) refers to "a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground ". The underlined language is not in article 1732(6). The majority states that this indicates an intent to restrict the exception to only general maritime law claims or claims which are cognizable solely in admiralty. However, the majority ignores the clear reason for the exclusion of this language from the Louisiana rule: Louisiana courts have only one basis of jurisdiction which is plenary in nature; the federal courts have three bases of limited jurisdiction. Thus, this provision would make no sense in a state procedural context.
Accordingly, I agree with the reasoning of the Court of Appeal, First Circuit, in Heinhuis v. Venture Assoc., 558 So.2d 1244 (La. App. 1st Cir.1990), which finds that article 1732(6) is a procedural mechanism which merely allows the plaintiff to elect the same rights to a jury he could have enjoyed in a federal court election under Rule 9(h).
*1114 For these reasons, and the reasons assigned by Justice Watson, I respectfully dissent.
WATSON, Justice, dissenting.
A plaintiff cannot divide his cause of action for a maritime injury. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). Suit may be brought in state court under the "savings to suitors" clause. Panama Railroad Co. v. Vasquez, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085 (1926). See Benedict on Admiralty, vol. 1B, § 2, 1-12 (7th ed. 1991). L.S.A.-C.C.P. art. 1732(6) gives plaintiffs who combine Jones Act and general maritime claims in state court the right to waive trial by jury, the same option allowed by Federal Rule of Civil Procedure art. 9(h). A plaintiff may elect to sue in admiralty without a jury or at law with a jury. Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924). Since general maritime claims are invariably combined with Jones Act claims, the majority's interpretation of Article 1732(6) would nullify the legislation.
I respectfully dissent.
NOTES
[1] 582 So.2d 845 (La.1991).
[2] 582 So.2d 1318 (La.1991).
[3] 28 U.S.C. § 1333 provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
(2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.
[4] The pertinent provision of 46 U.S.C.App. § 688 states:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply.... [emphasis added].
[5] The Jones Act by its terms incorporates provisions of the Federal Employers' Liability Act (FELA) which states in 45 U.S.C. § 56:

The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.
See G. Gilmore & C. Black, The Law of Admiralty § 6-26 (2d ed. 1975).
[6] Fed.R.Civ.P. 9(h) states:

Admiralty and Maritime claims. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. The reference in Title 28, U.S.C. § 1292(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of this subdivision (h).
[7] La.Code Civ.P. art. 1731(A) states:

A. Except as limited by Article 1732, the right of trial by jury is recognized.
[8] The author of the bill amending art. 1732(6), Rep. Hunt Downer, explained that his purpose was to track the federal rules of procedure so that a plaintiff could control whether there would be a jury trial. (Comments of Rep. Hunt Downer before House Civil Law & Procedure Committee meeting on May 10, 1988.) In 1989, the legislature apparently recognized the omission in the article and amended it as follows:

(6) A suit on an admiralty or general maritime claim under federal law or on a claim under 46 U.S.C. 688 that is brought in state court under a federal "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty, general maritime, or Jones Act claim. [emphasis added]
H.R. 1249, 1989 Reg.Sess.
Governor Roemer vetoed the bill, stating that it was unnecessary because the existing law was sufficient. Letter from Gov. Roemer to Clerk of House of Representatives (July 10, 1989) (vetoing H.R. 1249).