MARCUS, Justice.
Anthony R. Briley was employed by Rowan Companies, Inc. (Rowan) as a welder assigned to a drilling barge. On May 25, 1989 Briley was involved in a work-related accident which he claims caused serious back injuries, resulting in surgery and disability. Briley sued Rowan and others in state court under “the constitutional laws of the United States of America, the Jones Act, the General Maritime Law, the Savings to Suitors Clause and applicable state law.” Plaintiff sought remedies for negligence under the Jones Act and for unseaworthiness under general maritime law. He also demanded maintenance and cure benefits. He did not request a jury trial in his petition.
Plaintiff filed an amended and supplemental petition in which he added a new defendant, but still did not request a jury trial. In its answer to plaintiffs amended petition, Rowan demanded a jury trial. Plaintiff responded with a motion to strike Rowan’s jury trial request on the ground that Rowan was not entitled to a trial by jury for a Jones Act and/or general maritime claim in state court. After a hearing, the trial judge granted plaintiffs motion to strike the jury.
Rowan sought a writ of review to the Court of Appeal, Third Circuit. The court of appeal denied the writ. Upon Rowan’s application, we granted the writ and ordered it consolidated with Parker v. Rowan Cos.[1]
For the reasons assigned in Parker v. Rowan Cos.,[2] handed down this date, we find that the trial judge erred in granting plaintiffs motion to strike the jury.
*1115 DECREE
The judgment of the district court granting Anthony R. Briley’s motion to strike the jury is vacated and set aside. The case is remanded to the district court for further proceedings in accordance with the law. All costs of this appeal are assessed against Anthony R. Briley.
DENNIS, J., dissents for the reasons assigned in Parker v. Rowan Companies, Inc.
WATSON, J., dissents and assigns reasons.

. 582 So.2d 1318 (La.1991).

. 628 So.2d 1108 (La.1991).