| iPLOTKIN, Judge,
dissents with written reasons:
Although I agree with the majority’s statement of the facts in this case, I disagree with its application of the law. This controversy is controlled by La.C.C.P. art. 1733, relative to jury trial, which provides as follows:
A. A party may obtain a trial by jury by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court pursuant to Article 1734.
B. A motion to withdraw a demand for a trial by jury shall be in writing.
C. The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a *119 jury, or the granting of a motion to withdraw a demand for a trial by jury.
(Emphasis added.)
Subsection (C) of the above article is mandatory, as evidenced by the use of the word “shall.” In the instant case, the defendant unquestionably filed his motion for trial by jury some two months after the delay for filing such a motion had expired. The plaintiffs request to strike the jury should therefore have been granted.
Although the majority’s statement of the general principle requiring courts to indulge every presumption against a waiver, loss, or forfeiture of the right to trial by jury is correct, its application in the instant case is misplaced. None of the cases cited by the majority deal with a request for jury trial which was not timely filed. In Parker v. Rowan Companies, Inc., 628 So.2d 1108 (La. 1991), the issue is whether Rthe exception to the right to trial by jury for general maritime cases applied to a case involving a general maritime claim combined with a Jones Act claim. In Champagne v. American Southern Insurance Co., 295 So.2d 437 (La. 1974), the issue is whether the defendant’s request for a jury trial is defeated by the plaintiffs amendment of its petition to add the State as a defendant. In Sanders v. Old Quarter Tours, Inc., 499 So.2d 1346 (La.App. 4th Cir.), writ denied, 501 So.2d 234 (La.1987), the issue is whether a jury could be struck because the defendant failed to pay the jury deposit until the morning of trial. In Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974), the issue is whether the trial court could grant the defendant’s motion to strike a plaintiffs jury request because the plaintiff was unlikely to prove entitled to the jurisdictional amount; the court allowed the jury trial because the defendant failed to prove that the plaintiffs demand for the jurisdictional amount was' made in bad faith.
Further, the Louisiana Supreme Court’s dicta in Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988), eluding to the fact that a plaintiff often learns through discovery that is claim his worth more or less than he originally demanded, cannot be used as a basis for ignoring the clear language of the statute which requires that a motion for trial by jury be filed within ten days of the service of the last pleading directed to any issue triable by jury. Again, the issue in the Cambridge Corner Corp. case was not an untimely request for a jury, but whether an incidental demand could be used to determine whether the jurisdictional amount had been met.
Moreover, the majority’s holding is directly contradictory to the only recent reported case dealing with an untimely-filed request for trial by jury. In Zeller v. Jording, 624 So.2d 432 (La.App. 4th Cir.1993), this court held that a party seeking a jury trial must strictly meet the ten-day requirement, even if he is unsure that the amount in controversy is sufficient to meet the jurisdictional amount ^requirements. The Zeller decision advised such a party to simply request a jury trial, which would shift the burden to the other side to move to strike the jury or amend the petition to show that the amount in dispute is insufficient to meet the requirements. The Zeller decision leaves no room for allowing a party to delay the filing of a motion for trial by jury until after discovery confirms the existence of the jurisdictional amount. Nor does any other reported decision in Louisiana law.
In fact, the majority’s misinterpretation renders subsection (C) of La.C.C.P. art. 1733 meaningless, an action inappropriate for an appellate court. It is the purview of the legislature to change the law when its application results in a miscarriage of justice. This court has a responsibility to apply the law as written, not to manufacture exceptions not allowed by the clear statutory language.
Accordingly, I would grant the plaintiffs motion to strike the request for trial by jury.