UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41107

_____

CHRISTOPHER LEWIS,

Plaintiff-Appellee

v

DENISON INDUSTRIES OF CALIFORNIA INC.;

JEFF MILLER; AND CHARLIE FOSTER,

Defendants-Appellants

_____

Appeal from the United States District Court

for the Eastern District of Texas

(Civ. No. 4:00-33)

_____

June 4, 2001

Before POLITZ and EMILIO M. GARZA, Circuit Judges, and KAZEN, District Judge.[1]

_____

[1]District Judge of the Southern District of Texas, sitting by designation.

*Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

KAZEN, District Judge:*

This is an interlocutory appeal from an order of the district court denying a motion by the defendants to compel the plaintiff to submit his claims to arbitration. We dismiss this appeal for lack of federal jurisdiction.

## I.

### Procedural History

Plaintiff Christopher Lewis filed a petition in the 15th Judicial District Court of Grayson County, Texas, naming as defendants Denison Industries of California, Inc. ("Denison Industries"), Jeff Miller, and Charlie Foster. Lewis alleged that in August 1999 he was on the premises of Denison Industries operating a machine that he had been "taught to use" by defendants Miller and Foster. His arm was caught in the machine and crushed. Plaintiff alleged in conclusory fashion that he suffered damages "caused by the negligence of the Defendants." The state court pleadings alleged that plaintiff Lewis was "a resident of Texas" and that Denison Industries was a California corporation which had "a principal place of business in Grayson County, Texas." The pleadings also alleged that defendants Miller and Foster were Texas citizens.

The three defendants filed a notice of removal to the United States District Court for the Eastern District of Texas in February 2000. They invoked diversity jurisdiction, alleging that the plaintiff was a citizen of Texas and that Denison Industries was a citizen of California.[2] The notice of removal did not dispute that defendants Miller and Foster were Texas citizens but

---

[2]The notice of removal did not comment on the allegation that Denison Industries had "a principal place of business" in Texas. If that allegation is true, Denison Industries would be considered a citizen of Texas. 28 U.S.C. §1332(c)(1).

instead alleged that they were fraudulently joined.

There is no indication that plaintiff filed a motion to remand. Instead, two months after removal, defendants filed a motion to dismiss and to compel arbitration. Plaintiff responded, opposing arbitration. After further briefing on both sides, the district court filed a memorandum opinion and order on August 22, 2000, denying defendants' motion. Defendants then gave notice of an interlocutory appeal, pursuant to 9 U.S.C. §16(a)(1)(A). Defendants sought a stay of the proceedings below pending appeal, but that request was denied by both the district court and by this court.

In the Statement of Jurisdiction in their appellate brief, the appellants simply state that the district court had jurisdiction "pursuant to 28 U.S.C. §1332." The plaintiff-appellee's brief, in its Statement of Jurisdiction, contains this observation:

> "In the District Court Defendants asserted diversity jurisdiction under 28 U.S.C. §1332, although two (2) of the Defendants, and Plaintiff, are citizens of Texas. Defendants' Motion to Stay was denied, and this appeal was filed, before Plaintiff filed a Motion to Remand. Defendants' Notice of Appeal was timely."

Apart from that statement, neither party discussed the jurisdictional issue in briefs or oral argument. However, this court must consider an apparent lack of federal jurisdiction sua sponte. See Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

## II.

### Complete Diversity

Ever since the decision by the United States Supreme Court in Strawbridge v. Curtiss, 7 U.S. 267 (1806), it has been settled law that federal diversity requires "complete diversity," that is, citizens of the same state may not be on opposing sides of the same lawsuit. See Caterpillar,

3

Inc. v. Lewis, 117 S.Ct. 467, 472 (1996); Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1066 (5th Cir. 1981). Here, the plaintiff and at least two defendants are citizens of Texas. While the defendants alleged that Miller and Foster were fraudulently joined, there is nothing in the record to indicate that the district court made any finding on this allegation. As far as the record indicates, Miller and Foster are still parties to this case. Indeed, they appear before us as appellants, along with Denison Industries.

Plaintiff's suggestion in his Statement of Jurisdiction that the interlocutory appeal somehow deterred him from filing a motion to remand is belied by the record. As previously indicated, this case was removed to federal court in early February 2000, and the notice of interlocutory appeal was not given by the defendants until mid-September of 2000, almost seven months later. Nevertheless, the lack of federal subject-matter jurisdiction cannot be waived. See Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). In its present state, there is clearly not complete diversity of citizenship between the parties and, therefore, jurisdiction cannot be sustained under 28 U.S.C. §1332(a). The defendants claim no other basis for federal court jurisdiction. While the interlocutory appeal was allowed under the Federal Arbitration Act, that legislation does not create any independent federal subject-matter jurisdiction. See United Offshore Co. v. Southern Deepwater Pipeline Co., 899 F.2d 405, 406 (5th Cir. 1990).

### III.

### Conclusion

Because the district court lacks federal subject-matter jurisdiction on the present state of the record, we must dismiss this appeal. Rather than dismiss the case outright, however, we remand to the district court. See Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d 1254,

4

1264 (5th Cir. 1998)("Because it is not clear whether the district court had jurisdiction of this case," case remanded for determination of "relevant jurisdictional and removal issues").  Since this was an interlocutory appeal and the district court proceedings were not stayed, the parties are still before that court.  That court has never ruled on whether Miller and Foster have been fraudulently joined, nor has it ruled on the citizenship of Denison Industries.  See footnote 2.  It is possible that once those rulings are  made, complete diversity between the remaining parties could exist.  At that point, an interlocutory appeal on the arbitration issue can again be taken.  It is also possible that if the district court finds fraudulent jurisdiction and dismisses two defendants, that ruling could also be appealed prior to final disposition of the entire case.  See B. Inc. v. Miller Brewing Co., 663 F.2d 545, 548 (5th Cir. 1981).  Obviously, if the district court concludes that there is no fraudulent joinder, it should remand the case to state court.

APPEAL DISMISSED; CASE REMANDED TO DISTRICT COURT